

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2003

# Dorsey v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-4187

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Dorsey v. Comm Social Security" (2003). *2003 Decisions.* Paper 568.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/568

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-4187
_____

CHARLES DORSEY,
                                    Appellant

v.

\* JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

                              \* (Pursuant to F.R.A.P. 43(c))
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 01-cv-04846)
District Judge: Judge Jan E. DuBois
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2003
_____

Before: SCIRICA, Chief Judge,\* AMBRO and GARTH, Circuit Judges

(Opinion Filed: May 7, 2003)
_____

OPINION
_____

_____

\* Judge Scirica became Chief Judge on May 4, 2003.

GARTH, <u>Circuit</u> <u>Judge</u>:

Charles Dorsey appeals from the District Court's grant of summary judgment in favor of the Commissioner of Social Security. The Commissioner had denied Dorsey's application for disability insurance benefits. We will affirm.

**I.**

Because we write solely for the benefit of the parties, we recount the facts and the procedural history of the case only as they are relevant to the following discussion.

Dorsey was 34 years old at the alleged onset date of the disability, and is now 44 years old. Essentially, Dorsey claimed benefits by reason of a herniated disc. Dorsey filed an application for disability insurance benefits on October 15, 1999. The Social Security Administration (SSA) denied Dorsey's application on January 26, 2000.

An Administrative Law Judge (ALJ) held a hearing on December 13, 2000. At the hearing, the ALJ heard testimony from Dorsey; Dr. Victor Vare, an independent medical expert; and Jeannine Salek, a vocational expert.

The ALJ issued a decision adverse to Dorsey on January 4, 2001. The ALJ's decision considered and evaluated not only the testimony at the hearing but also treatment notes and reports from several sources, including Dr. John Salvo, Dorsey's treating physician; Dr. Michael Mandarino, an orthopedic surgeon who had examined Dorsey in

March 1994; Dr. Stanley Askin, an orthopedic surgeon who examined Dorsey in 1998; and Drs. Judith Peterson and Richard Kaplan. In addition, the ALJ considered information pertaining to a hearing on a claim by Dorsey for worker's compensation, as well as information from other sources.

After receiving the ALJ's decision, Dorsey sought review from the Appeals Council, and submitted additional materials in connection with his request for review. The Appeals Council denied review on September 6, 2001.

On September 24, 2001, Dorsey sought judicial review by filing an action in the District Court. Following cross-motions for summary judgment by Dorsey and the Commissioner, the Magistrate Judge to whom the case had been referred filed a Report and Recommendation concluding that the Commissioner's motion for summary judgment should be granted. On November 4, 2002,[1] the District Court ordered that the Magistrate Judge's Report and Recommendation be approved and adopted; that the Commissioner's motion for summary judgment be granted; and that Dorsey's motion for summary judgment be denied.

Dorsey's timely appeal followed.

---

[1] The text of the order reflects a date of *October* 4, 2002, but this would appear to be an inadvertent error; the order has been stamped as filed on November 4, 2002 and entered the next day. The district court docket also indicates that the order was filed on November 4, 2002.

We have jurisdiction to hear this appeal pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

We have previously set forth our standard of review in cases involving an appeal from the denial of disability benefits as follows:

> The role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision. . . . The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record. 42 U.S.C. § 405(g) . . . Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 . . . (1971)).

*Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (certain citations omitted).

> To establish an entitlement to benefits,
>
> a claimant must demonstrate there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." . . . A claimant is considered unable to engage in any substantial activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Id*. at 427-28 (citations omitted). The Commissioner undertakes a five-step sequential evaluation process to make the disability determination.[2]

---

[2] In short, the five-step process operates as follows:

At Step One, the Commissioner must determine whether the claimant is

-4-

## III.

We agree with the Magistrate Judge and District Court's determination that the

ALJ's decision was supported by substantial evidence.

In accordance with the five-step sequential evaluation process, the ALJ first found

that Dorsey was not engaged in substantial gainful activity.  Decision of ALJ at 13.  Next,

---

currently engaging in a "substantial gainful activity." . . . If so, she is not
eligible. . . .

At Step Two, the Commissioner must determine whether the claimant has a
"severe impairment." . . .  If the claimant does not have a severe
impairment, then she is not eligible. . . .

At Step Three, if a claimant does not suffer from an impairment on the list
of impairments presumed to be severe enough to preclude gainful work, the
Commissioner moves to Step Four. . . .

Step Four requires the Commissioner to decide whether the claimant retains
the residual functional capacity to perform her past relevant work. . . . The
claimant bears the burden of demonstrating an inability to return to her past
relevant work. . . . If the claimant is unable to resume her former
occupation, the evaluation moves to Step Five. . . .

At Step Five, the Commissioner has the burden of demonstrating that the
claimant is capable of performing other jobs existing in significant numbers
in the national economy. . . . At Step Five, the Commissioner is to consider
the claimant's vocational factors.

*Thomas v. Commissioner of Social Security*, 294 F.3d 568, 571 (3d Cir. 2002) (en banc)
(citations omitted), *cert. granted*, 123 S. Ct. 1251 (2003).  *See also, e.g.*, *Burns v.
Barnhart*, 312 F.3d 113, 118-19 (3d Cir. 2002); *Fargnoli v. Massanari*, 247 F.3d 34, 39
(3d Cir. 2001).

the ALJ found that Dorsey had "degenerative disease of the lumbar spine," a "severe" impairment, but not one that meets or equals the criteria for a listed impairment contained in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id.* The ALJ further found that though Dorsey's impairment places limitations on Dorsey, he "retains the residual functional capacity to lift up to 20 pounds occasionally and perform postural activities occasionally," though "he is limited in pushing and pulling; and he must alternate sitting and standing every 15 to 30 minutes." *Id.* Finally, the ALJ concluded that Dorsey's impairment does not preclude him from "engaging in occupations with significant numbers of jobs in the regional and national economies." *Id.*

Dorsey's chief argument on appeal is that the ALJ erred in denying his request to submit additional evidence from Dr. Salvo, Dorsey's treating physician, to rebut the hearing testimony of Dr. Vare, the independent medical expert.[3] According to Dorsey, because Dr. Vare's testimony was heavily relied upon by the ALJ in making the determination that Dorsey did not qualify for disability benefits, Dorsey should have had a chance to respond to that testimony.

In this case, Dorsey has failed to demonstrate that substantial evidence does not exist to support the ALJ's determinations. The ALJ explained that he declined the request for a post-hearing statement from Dr. Salvo

---

[3] This rebuttal evidence evidently would have taken the form of a "post-hearing report," according to Dorsey's request for review by the Appeals Council. *See* App. 8a-9a.

because Dr. Salvo on several occasions already has offered his opinion of the claimant's ability to work and given his reasons in support of that opinion. In fact, Dr. Salvo went through a lengthy deposition just one year ago and another such deposition in 1996. Although Dr. Salvo has not specifically commented on Dr. Vare's testimony, counsel has offered no reason to believe that Dr. Salvo will provide any information or opinions not included in his prior statements.

Decision of ALJ at 1 n.1.

The record was sufficiently well developed so that the ALJ was not required to receive additional evidence from Dr. Salvo. Having considered, *inter alia*, Dr. Salvo's deposition testimony and treatment notes, the ALJ need not have reviewed additional information from Dr. Salvo once again without a proffer of proof as to its content. We note that nowhere in Dorsey's brief does Dorsey explain what Dr. Salvo might have said in rebuttal that would add to Dr. Salvo's previous statements, deposition testimony, and reports.

We are also satisfied that there is no other basis upon which Dorsey can claim that the ALJ's decision was not supported by substantial evidence. To the contrary, it appears that the ALJ undertook a comprehensive examination of the evidentiary record, and the record evidence supports the ALJ's decision.

We will therefore affirm the judgment of the District Court.

TO THE CLERK:
Please file the foregoing opinion.

   /s/ Judge Leonard I. Garth
Circuit Judge

-7-