

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2003

# Holiday v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1205

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Holiday v. Comm Social Security" (2003). *2003 Decisions.* Paper 220.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/220

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1205

_____

MICHAEL HOLIDAY,
                    Appellant

v.

JO ANNE BARNHART,
Commissioner of Social Security

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
Civil Action No. 02-cv-00980
District Judge: Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 3, 2003

_____

Before: RENDELL, WEIS, and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: October 6, 2003)

_____

OPINION

_____

Garth, <u>Circuit</u> <u>Judge</u>:

Michael Holiday appeals from the District Court's grant of summary judgment in favor of the Commissioner of Social Security. The Commissioner had denied Holiday's application for disability insurance benefits. We will affirm.

**I.**

Because we write solely for the benefit of the parties, we recount the facts and the procedural history of the case only as they are relevant to the following discussion. In 1998, Holiday applied for disability insurance benefits on the basis that he had allegedly suffered from Chronic Fatigue Syndrome ("CFS") since July 1994 and from an Anxiety/Panic Disorder since July 1998. The Social Security Administration denied his application.[1]

An Administrative Law Judge ("ALJ") thereafter held a hearing on Holiday's application at which he heard testimony from Holiday, Holiday's wife, and Tanya Williams, a vocational expert. The ALJ issued a decision adverse to Holiday.

Having exhausted his administrative remedies, Holiday filed an action against the Commissioner in the District Court for the Western District of Pennsylvania. Following

---

[1] Holiday previously applied for social security benefits in 1995, but that application was denied by an ALJ in 1996. When he filed his second application in 1998, Holiday asked that his prior ruling be reopened because "CFS was in its infancy" when he filed his first application and there were no social security publications on the matter. (Appellant's Brief at 35.) Because of our disposition, which affirms the District Court, we do not find it necessary to address the issue of Holiday's 1996 ruling.

cross-motions for summary judgment, the District Court granted summary judgment to the Commissioner. Holiday's timely appeal followed.

## II.

We have jurisdiction to hear this appeal pursuant to 42 U.S.C. Section 405(g) and 28 U.S.C. Section 1291. We have previously set forth our standard of review in cases involving an appeal from the denial of disability benefits as follows:

> The role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision. The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record. Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate."

*Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (certain citations omitted).

> To establish an entitlement to benefits, a claimant must show that there is a:
>
> "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." A claimant is considered unable to engage in any substantial activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Id.* at 427-28 (citation omitted).

In evaluating an application for benefits, the ALJ and Commissioner employ a five-step evaluation to make the disability determination. In short, the five-step process operates as follows:

At Step One, the Commissioner must determine whether the claimant is currently engaging in a "substantial gainful activity." If so, she is not eligible. At Step Two, the Commissioner must determine whether the claimant has a "severe impairment." If the claimant does not have a severe impairment, then she is not eligible. At Step Three, if a claimant does not suffer from an impairment on the list of impairments presumed to be severe enough to preclude gainful work, the Commissioner moves to Step Four. Step Four requires the Commissioner to decide whether the claimant retains the residual functional capacity to perform her past relevant work. The claimant bears the burden of demonstrating an inability to return to her past relevant work. If the claimant is unable to resume her former occupation, the evaluation moves to Step Five. At Step Five, the Commissioner has the burden of demonstrating that the claimant is capable of performing other jobs existing in significant numbers in the national economy.

*Thomas v. Commissioner of Social Security*, 294 F.3d 568, 571 (3d Cir. 2002) (en banc) (citations omitted), *cert. granted*, 123 S. Ct. 1251 (2003). *See also, e.g.*, *Burns v. Barnhart*, 312 F.3d 113, 118-19 (3d Cir. 2002); *Fargnoli v. Massanari*, 247 F.3d 34, 39 (3d Cir. 2001).

### III.

We agree with the District Court that the ALJ's decision was supported by substantial evidence in the record. In accordance with the five-step evaluation process outlined above, the ALJ at Step One found that Holiday had not engaged in substantial gainful activity since November 20, 1996. (ALJ Decision at 3.) Next, the ALJ found at Step Two that Holiday suffered from CFS, a bowel problem, a stomach problem, fibromyalgia, Epstein Barr Syndrome, anxiety, and depression, and that those conditions were "severe." The ALJ found that a host of other conditions complained of by Holiday, such as migraine headaches, a vision problem, and allergies, were not severe. (*Id.* at 3-4.)

The ALJ at Step Three determined that Holiday's impairments did not meet or equal any of the criteria for a listed impairment contained in 20 C.F.R. Section 404, Subpart P, Appendix 1. The ALJ at Step Four found that Holiday "retains the residual functional capacity to perform the exertional demands of sedentary work, with certain modifications," but "cannot perform the duties associated with his past relevant job of welder." (*Id.* at 9, 12.) Lastly, at Step Five the ALJ concluded that Holiday's impairments do not preclude him from engaging in other occupations which exist in significant numbers in the national economy. (*Id.* at 13.)

Among other things, Holiday argues on appeal that the ALJ did not correctly assess Holiday's CFS impairment because the ALJ did not mention Social Security Ruling 99-2p. That particular ruling: (i) explains that CFS can, in certain cases, constitute a "disability" under the Social Security regulations; and (ii) "provides guidance for the evaluation of claims involving CFS." S.S.R. 99-2p, 1999 WL 271569, at *1 (April 30, 1999). While it is true that the ALJ's written opinion does not cite to Social Security Ruling 99-2p, we are not aware of any duty which requires ALJs to specifically mention relevant Social Security Rulings when rendering a decision on an individual's claim for Social Security benefits. More importantly, the ALJ's analysis by and large comported with the approach set forth in Social Security Ruling 99-2p. The Ruling explains that claims based on CFS should be evaluated using the same five-step process that the ALJ used in evaluating Holiday's impairments. As to step five -- the step at which an ALJ

must make a finding about the applicant's ability to perform other work -- Ruling 99-2p explains that "[t]he *usual* vocational considerations must be applied." *Id.* at \*5 (emphasis added). Here, the ALJ did just that.

Holiday also complains that the ALJ improperly assessed the credibility of Holiday and his wife.[2] Here, the ALJ gave specific reasons for his credibility findings which were supported by the record. Because "[t]he credibility of witnesses is quintessentially the province of the trial court, not the appellate court," we defer to an ALJ's credibility determinations. *Dardovitch v. Haltzman,* 190 F.3d 125, 140 (3d Cir. 1999).

Holiday also argues that the ALJ did not give sufficient weight to the opinions of Holiday's treating physicians. While it is true that a rule adopted by the Commissioner provides that special weight should be accorded to treating physicians' opinions, that rule also provides that opinions from treating physicians on the nature and severity of an impairment will be given more weight than other physicians' opinions only if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(d)(2). Here, the ALJ acknowledged that he must normally give special weight to treating physicians' opinions, but he concluded that Holiday's doctors

---

[2] The ALJ found that Holiday's claims of "totally disabling exertional and non-exertional limitations and pain, and their impact on his ability to work, . . . are not entirely credible, and are inconsistent with the clinical and objective findings, his overall testimony, his self-reported activities of daily living, and other evidence of record." (ALJ Decision at 14.) The ALJ similarly found that Holiday's wife's testimony concerning Holiday's impairments were not entirely credible. (*Id.*)

seemed to base their opinions concerning the severity of his impairments almost exclusively on Holiday's subjective complaints and, as such, were not well-supported by clinical findings or some other acceptable medical basis.  (ALJ Decision at 11.) Moreover, as the District Court held, the ALJ was entitled to rely on medical evidence which contradicted the opinions of Holiday's treating physicians.  *See* 20 C.F.R. § 404.1527(d).

We are satisfied that the ALJ undertook a comprehensive examination of the evidentiary record and that substantial evidence supports both his and the Commissioner's decision.

For the foregoing reasons, the judgment of the District Court will be AFFIRMED.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Leonard I. Garth
Circuit Judge