

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-1995

# Ventura v Shalala

Precedential or Non-Precedential:

Docket 94-7673

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

## Recommended Citation

"Ventura v Shalala" (1995). *1995 Decisions.* Paper 154.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/154

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 94-7673


STEPHEN R. VENTURA


v.

DONNA E. SHALALA, Secretary
of Health and Human Services.

Stephen Ventura,

Appellant


Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 94-00111)


Submitted Under Third Circuit LAR 34.1(a)
May 19, 1995


BEFORE:  COWEN, LEWIS, and SAROKIN, Circuit Judges

(Filed June 5, 1995)


Michael A. Comisky
Singleton & Associates
P.O. Box 9341
Shawnee Mission, Kansas 66201-2041
Attorney for Appellant

Charlotte Hardnett
  Chief Counsel, Region III
Patricia M. Smith
  Assistant Regional Counsel
Office of General Counsel
Department of Health and Human
  Services
3535 Market Street, Rm. 9100
Philadelphia, Pennsylvania 19101

Gregory M. Sleet
  United States Attorney
Nina A. Pala
  Assistant United States Attorney
District of Delaware
Chemical Bank Plaza
1201 Market Street, Suite 1100
Wilmington, Delaware 19899-2046
      Attorneys for Appellee

OPINION OF THE COURT

SAROKIN, Circuit Judge:

Applicants for social security disability payments, most of whom are truly ill or disabled, are entitled to be treated with respect and dignity no matter what the merits of their respective claims. This is especially so at a time they are most vulnerable when representing themselves or being represented by lay-persons. Notwithstanding and recognizing the time pressures imposed upon those hearing the huge volume of such claims, rudeness, impatience, or outright bias cannot be tolerated. We hold that

claimant in the instant case did not receive the full and fair hearing to which he was entitled. Accordingly, we remand the case for a new hearing before another administrative law judge.

I.

Stephen Ventura ("claimant") applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 1991), alleging disability because of back injuries. The state agency handling claimant's application denied his claim initially and upon reconsideration. Claimant requested a hearing before an administrative law judge ("ALJ"). The ALJ issued a decision finding claimant able to work. The Appeals Council, however, vacated the decision of the ALJ and remanded the case for a new hearing because the ALJ had taken the testimony of a medical expert and a vocational expert outside the presence of claimant. After holding a new hearing, the ALJ found that although the medical evidence established that claimant had musculoskeletal difficulty with situational anxiety and depression, the evidence did not demonstrate that claimant had either a physical or mental impairment which would prevent him from performing the light work identified by the vocational expert. The Appeals Council denied claimant's request for review of the ALJ's decision. Claimant sought judicial review of the Secretary's final administrative decision in district court pursuant to 42 U.S.C.A. § 405(g) (West 1991). The district court granted the Secretary's motion for summary judgment. Claimant

filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C.A. § 1291 (West 1993).

## II.

Congress provided for judicial review of the Secretary's decisions adverse to a claimant for social security benefits. 42 U.S.C.A. § 405(g) (West 1991). "'Our standard of review, as was the district court's, is whether the Secretary's decision is supported by substantial evidence in the record.'" Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994) (quoting Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). However, it is the conduct of the hearing, not the content of the evidence, which is the subject of our focus here.

In the instant appeal, claimant contends that he did not receive a full and fair hearing because of the ALJ's bias or prejudice. In Hummel v. Heckler, 736 F.2d 91 (3d Cir. 1984), we held that the administrative regulation providing for disqualification of administrative law judges contemplates that judicial review of bias claims take place in review proceedings under § 405(g). 736 F.2d at 94. Therefore, we will consider claimant's bias claim, and, for reasons to be discussed, remand the case for a new hearing. In light of our decision to grant a

new hearing, we need not address the question of whether the Secretary's decision on the merits of the disability claim is supported by substantial evidence in the record. See Hummel, 736 F.2d at 95 (holding that although Secretary's decision was supported by substantial evidence in record, claimant was entitled to have evidence evaluated by unbiased adjudicator).

III.

The Social Security Act gives those claiming disability benefits a right to a hearing in which witnesses may testify and evidence may be received. See 42 U.S.C.A. § 405(b)(1) (West 1991). The hearing should be "understandable to the layman claimant, should not necessarily be stiff and comfortable only for the trained attorney, and should be liberal and not strict in tone and operation." Richardson, 402 U.S. at 400-01. Although the hearing is informal in nature, due process requires that any hearing afforded claimant be full and fair. Id. at 401-02. Additionally, the Social Security Act and its corresponding regulations provide for fair procedures. See Hess v. Secretary of Health, Education and Welfare, 497 F.2d 837, 840-841 (3d Cir. 1974); Rosa v. Bowen, 677 F. Supp. 782, 783 (D.N.J. 1988).

Essential to a fair hearing is the right to an unbiased judge. Hummel, 736 F.2d at 93. The due process requirement of an impartial decisionmaker is applied more strictly in administrative proceedings than in court proceedings because of the absence of procedural safeguards normally available in

judicial proceedings. Id. at 93. With respect to the disqualification of an ALJ, the Secretary has enacted regulations which provide that:

> An administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision.

20 C.F.R. § 404.940, 416.1440 (1994). The claimant must bring any objections to the attention of the ALJ, and the ALJ shall decide whether to continue the hearing or withdraw. Id. The regulations provide that if the ALJ does not withdraw, the claimant may present objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another ALJ. Id.

The right to an unbiased ALJ is particularly important because of the active role played by ALJs in social security cases. See Hess, 497 F.2d at 840-841. ALJs have a duty to develop a full and fair record in social security cases. See Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995); Smith v. Harris, 644 F.2d 985, 989 (3d Cir. 1981). Accordingly, an ALJ must secure relevant information regarding a claimant's entitlement to social security benefits. Hess, 497 F.2d at 841. In Hess we reasoned that "[a]lthough the burden is upon the claimant to prove his disability, due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails." Id. at 840.

The claimant in the instant case has abided by the procedures set forth in the regulations regarding disqualification of ALJs. At the hearing held on February 23, 1994, claimant's lay representative alleged that the ALJ was prejudiced and requested that he disqualify himself. Tr. at 135.[1] The ALJ refused without explanation. Id. The Appeals Council also rejected claimant's bias charge, similarly without explanation. Tr. at 7. Finally, the district court devoted one sentence to this issue stating that: "After a careful review of the record there is simply no evidence to support [claimant's] allegations of bias or interference." Ventura v. Shalala, No. 94-111-JLL, slip op. at 13 (D. Del. Sept. 13, 1994).

We too have carefully examined the record and conclude that the ALJ's treatment of claimant and his lay representative was unacceptable and violated claimant's right to a full and fair hearing. The following are revealing excerpts from the transcript of the hearing.

The ALJ demonstrated early on in the hearing his impatience and hostility towards claimant's lay representative.

ALJ: I thought you weren't going to ask leading questions?

Representative ("Rep."): Well, your Honor, I --

ALJ: Well what?

Rep.: I guess I, I, I --

ALJ: I guess you did, didn't you? Why don't you try another way of doing it.

_____

1 "Tr." refers to the Administrative Transcript.

Rep.: All right, sir. Your Honor, it's obvious my client is in severe discomfort, and his, his ability to concentrate and respond, sometimes he needs a little edging.

ALJ: That's what you call a leading statement. Why don't you just ask the questions.

Rep.: Do you ever have a discomfort --

ALJ: Now I think I'll address your characterization of your client being in significant discomfort. I don't see it's -- go ahead. And you put that on the record to see if you could establish that on the record he was in severe discomfort at the hearing. I don't see it. So you see it. Go ahead. We see different things.

Tr. at 142.

The ALJ subsequently interrupted claimant's description of his back pain in order to question claimant concerning his lack of representation at an earlier hearing. The following colloquy ensued:

Claimant: There have been four days in the last six years when I haven't had pain.

ALJ: How come you didn't tell me the truth about the attorneys?

Claimant: I told you every -- I answered every question.

ALJ: But what I asked you about the attorneys, you didn't tell me the truth. You didn't tell me the truth about why they didn't want her sanctioned.

Claimant: Your -- I --

ALJ: Why didn't you? That's what I'm asking.

Rep.: Answer the question.

Claimant: You know, I -- you know. Are you the doctor?

ALJ: Answer my question.

Claimant: I will.

ALJ: Now. Answer my question, sir.

Claimant: You think I'm going to be -- truly I'm sorry, but I'm not afraid. I'm just not afraid.

ALJ: I don't care if your afraid or not. Answer my question. Why didn't you tell me the truth about the attorneys.

Tr. at 143. The ALJ finally gave claimant a chance to respond, and claimant simply repeated what he had told the ALJ at the last hearing--that he had no representative because the attorney he had contacted did not want to come to Philadelphia for the hearing. Tr. at 144. The ALJ's questioning of the claimant was coercive and intimidating, and totally irrelevant to the question of whether claimant was disabled. Moreover, the ALJ appeared disinterested in claimant's description of his pain in violation of the duty to "give serious consideration to a claimant's subjective complaints of pain, even where those complaints are not supported by objective evidence." Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993).

Furthermore, it is apparent from the ALJ's comments that as soon as an expert witness mentioned that claimant had attended a psychiatric clinic at a veterans' hospital, the ALJ hastily concluded that claimant's back pain was caused by a mental impairment. Tr. at 170. The ALJ then proceeded to interfere with the admission of evidence concerning the physical causes for claimant's pain, i.e. the opinion of claimant's treating physician. The ALJ stubbornly focused on obtaining information from the veterans' hospital. When claimant's representative

attempted to redirect the ALJ's attention to the opinion of claimant's treating physician, he was censured by the ALJ who stated:

ALJ: Tell you what, if I throw him out, he has nothing. How does that grab you? I want to see what the VA Center says. Obviously, they've sent it to some type of physician or psychologist if he's had testing. It's only going to help him. It's not going to hurt him. What's the matter with you?

Tr. at 172. The ALJ continued to intimidate claimant's representative:

ALJ: . . . I'm not trying to hurt Mr. Ventura, but you're not doing one damn thing to help him. So why don't you sit back and listen for a second.

Tr. at 172. The representative agreed to provide the ALJ with whatever information he wanted from the veterans' hospital and presented the ALJ with detailed information concerning claimant's visits to the veterans' hospital. Tr. at 172-73. However, the ALJ further reprimanded claimant's representative when he attempted to question the medical expert on the stand.

ALJ: First of all, you're trying to knock out evidence that's favorable to Mr. Ventura. So wake up and smell the roses on this case. His problem lies in the emotional area. . . .

Tr. at 174. Claimant's representative again attempted to question the expert concerning the physical causes of claimant's back pain and again the ALJ reprimanded the representative preventing this line of questioning.

ALJ: Why are you reading this to death when I said that primarily if he's got this emotional condition as the VA Center seems to think he has, it's going to be beneficial to him? Why are you trying to kill this

thing on the physical when it's not going to matter to him?

Tr. at 180. The ALJ's continuous interference with the representative's introduction of evidence of the physical causes of claimant's back pain violated the ALJ's duty to develop the record fully and fairly and to consider seriously the findings of a treating physician. See Mason, 994 F.2d at 1067. Importantly, the representative had already provided the ALJ with information concerning claimant's visits to the veterans' hospital and had agreed to provide any additional information requested by the ALJ.

IV.

We now turn to the question of whether claimant is entitled to a new hearing because of the ALJ's conduct. We hold that the ALJ's offensive conduct prevented claimant from receiving a full and fair hearing and, therefore, a new hearing must be held before another ALJ to determine whether claimant is entitled to disability benefits.

In Hummel, supra, a disability claimant appealed the district court's grant of summary judgment in favor of the Secretary. Claimant argued that the Secretary's decision was not supported by substantial evidence and, alternatively, that the district court erred in ruling on the Secretary's motion for

summary judgment while her motions to compel discovery remained outstanding. Hummel, 736 F.2d at 92. These discovery requests sought information concerning the possible bias of the ALJ who presided at claimant's hearing. Id. We held that although the Secretary's decision was supported by substantial evidence in the record, claimant was entitled to have the evidence evaluated by an unbiased adjudicator. Id. at 95. We stressed that even if the record was totally devoid of evidence supporting a finding of disability, "the bias of the adjudicator might still be a ground for setting aside a determination adverse to the claimant, for we have repeatedly held that in Social Security disability claim hearings the administrative law judge has an affirmative obligation to assist the claimant in developing the facts." Id. (citations omitted). Furthermore, we stated that: "It is difficult to conceive of how a judge biased against disability claims or claimants could conscientiously perform that duty." Id.

In Hummel, we reversed the district court and instructed it to consider whether a remand to the Secretary for the taking of new evidence on the alleged bias of the ALJ was appropriate. 736 F.2d at 95. We noted that "[i]n the event that a finding of bias is made on remand, a new hearing must be held before an administrative law judge to determine the merits of Hummel's claim." Id. Additional discovery was necessary in Hummel because the alleged bias of the ALJ, which was discovered after the Secretary had entered its decision, arose from an extrajudicial source which required further investigation. In

contrast, the taking of new evidence is not necessary in the instant case because the ALJ's conduct at the hearing can be evaluated using the hearing transcript.

The district court's decision in Rosa v. Bowen, 677 F. Supp. 782 (D.N.J. 1988), is instructive. There, the district court addressed the issue of whether a disability claimant was accorded a full and fair hearing. Id. at 783. Upon reviewing the transcript of the hearing, the court found that claimant's hearing "was shameful in its atmosphere of alternating indifference, personal musings, impatience and condescension." Id. The district court emphasized the importance of fair procedures:

> This court has previously criticized this agency's heartlessness in the repeated and unfounded rejection of a multitude of clearly valid claims. However, even in those cases, the unjust results followed seemingly adequate procedures. In this matter there was not even the pretense of a full and fair hearing. Once we foresake [sic] fairness and due process because of the pressure of heavy caseloads, then our system of justice will end. Although administrative hearings are not formal trials, nor should they be so informal or limited that their fairness is destroyed.

Id. at 785. Accordingly, the district court vacated the decision of the Secretary and remanded the case for a full and fair hearing. Id. In this case, we do the same.

V.

Because of the ALJ's offensive and unprofessional conduct, claimant in the instant case did not receive the full and fair

hearing to which he was entitled. We hold, therefore, that claimant is entitled to a new hearing before another ALJ. In light of our disposition of this case, we need not reach the merits of the other issues raised on appeal. Accordingly, we reverse the district court's grant of summary judgment in favor of the Secretary and remand the case for further proceedings consistent with this opinion.