

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2003

# Nkrumah v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-3306

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Nkrumah v. Comm Social Security" (2003). *2003 Decisions.* Paper 723.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/723

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-3306
_____

JOSEPH NKRUMAH

Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 01-cv-00623)
District Judge:  The Honorable John W. Bissell
_____

Submitted Under Third Circuit LAR 34.1(a)
March 14, 2003

BEFORE: SLOVITER, NYGAARD, and ALARCON,[*] Circuit Judges.

(Filed: March 24, 2003)
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

_____

*        Honorable Arthur L. Alarcon, Senior Circuit Judge for the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Joseph Nkrumah appeals from the order of the District Court affirming the final decision of the Commissioner of Social Security, which denied his claim for disability insurance benefits and supplemental social security income under the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

I.

The factual background of this matter is well known to the parties and is set forth in detail in the District Court's opinion. We will summarize as necessary. Nkrumah filed an application for disability insurance benefits (DIB) and supplemental social security income (SSI) on January 17, 1997. He alleged a disability as of December 13, 1996, caused by cervical disk herniation and right arm paresthesias. After a hearing, Administrative Law Judge Michael H. Noorigian denied Nkrumah's application, finding that Nkrumah was not disabled during the relevant time period. Nkrumah sought review of this determination in the District Court. The District Court affirmed the denial of benefits and Nkrumah now appeals.

II.

Nkrumah alleges that the Commissioner committed a number of errors in rejecting his application. In reviewing a determination adopted by the Commissioner, we are bound to uphold the Commissioner's findings unless we conclude that they were not supported by "substantial evidence." *See Podedworny v. Harris*, 745 F.3d 210, 217 (3d Cir. 1984); 42 U.S.C. § 405(g). Because the Commissioner adopted the decision of the Administrative Law Judge, we review the substance of that decision for substantial

2

evidence. We have defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971)).

A disability is defined under the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (Supp. 2002); 20 C.F.R. § 404.1505(a) (2002). A claimant is unable to engage in substantial gainful activity when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A).

The Commissioner must perform a five-step sequential evaluation process to make disability determinations under the regulations. *See* 20 C.F.R. § 416.920. If the claimant fails to meet the requirements at any step in the process, the Commissioner may conclude that the claimant is not disabled under the Act. The ALJ must determine, in order: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the claimant's severe impairment meets or equals the criteria of an impairment listed in 20 C.F.R pt. 404, subpt. P, app. 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which

3

exists in the national economy in light of his age, education, work experience and residual functional capacity. *See* 20 C.F.R. §§ 404.1520, 416.920; *Sykes v. Apfel*, 228 F.3d 259, 262-63 (3d Cir. 2000). In this case, the ALJ concluded that: (1) Nkrumah was not currently employed in substantial gainful activity; (2) that he has impairments that are severe; (3) that these impairments did not meet the criteria for listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (1999), and that Nkrumah retained the capacity to perform light exertional work; (4) that Nkrumah was incapable of performing his past relevant work as a warehouse worker or supervisor; and (5) that there were other jobs in the national economy that Nkrumah could perform.

### III.

We turn first to Nkrumah's argument that the Commissioner's finding at step three – that Nkrumah does not suffer from an impairment that meets or equals an impairment found in the Listing of Impairments, 20 C.F.R. Appendix 1 to Subpart P of Part 404 – is unsupported by the substantial evidence. In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Nkrumah contends that the ALJ did not specify the medical evidence he relied on in making a comparison to the Listing of Impairments. We do not agree and find the ALJ's decision to be substantially supported by the medical evidence of record. While the ALJ does make a somewhat conclusory initial statement in his opinion, his conclusion

4

is amply supported in the following paragraphs of his opinion with sufficient findings. For example, the ALJ points to normal electromyography ("EMG") results for the right arm and a report by the consulting physician which established the absence of vertebral tenderness and an ability to perform various physical assignments such as walking heel-to-toe. Furthermore, in determining that Nkrumah suffers from discogenic and degenerative back disorders, the ALJ cites specific MRI evidence. We find the ALJ's opinion properly supported by substantial medical evidence. Nkrumah's argument that the decision is not justified by record medical evidence is meritless.

Next, Nkrumah argues that, at step four, the ALJ improperly formulated his residual functional capacity assessment, namely that Nkrumah could perform light work. At step four of the evaluation process, an ALJ determines whether a claimant has the residual functional capacity to perform her past relevant work – either as he performed it or as it exists in the national economy. 20 C.F.R. § 404.1520(e). Residual functional capacity (RFC) is defined as what a claimant can do despite his limitations. 20 C.F.R. § 404.1545(a). Although the ALJ concluded that, based on his RFC, Nkrumah could not perform his past relevant jobs, warehouse worker or warehouse supervisor, the ALJ did determine that Nkrumah retained the residual functional capacity to do work that entails lifting and carrying less than 20 pounds, standing and walking for much of the workday. In making this determination, the ALJ specifically relied on the testimony of the state agency physician, who found that Nkrumah could lift and/or carry ten pounds frequently (twenty pounds occasionally), stand or walk for approximately six hours and sit for six hours. Also, the

5

ALJ relied on the opinion of the consultive examiner, Dr. Vekhnis. In challenging the finding of the ALJ, Nkrumah argues that "the ALJ erred in pointing to no affirmative evidence proving Nkrumah's ability to perform each of the physical requirements of exertionally light work." Pl. Mem. at 14. However, Nkrumah's argument fails to recognize that the burden of proof as to whether the claimant has the residual functional capacity to perform past work is on the claimant. *See* 20 C.F.R. § 404.1566. While there is substantial evidence on this record that Nkrumah could not perform his past relevant work, we find that because Nkrumah could perform light exertional work, the record does not disprove the ALJ's determination that Nkrumah had not shown he could not do other relevant work in the economy.

Nkrumah additionally argues that the evidence used by the ALJ to support his decision has been distorted in some fashion. Specifically, Nkrumah asserts that Dr. Vekhnis found he was only able to sit for one hour out of an eight hour work day. In agreement with the ALJ and the District Court before us, we find this contention meritless. As Dr. Vekhnis' own opinion states, "sitting - limited to the hour, then needs a break - presented as a subjective complaint - chronic." In other words, this is not Dr. Vekhnis' determination, it is only the "subjective complaint" of Nkrumah. A physical examination revealed, however, that Nkrumah had a full range of motion, no focal atrophy in the extremities and full strength in all muscle groups. These determinations constitute substantial evidence that Nkrumah can perform light work.

6

Finally, Nkrumah argues at step five that the ALJ incorrectly relied on the medical-vocational guidelines. This step provides that a claimant is not disabled unless suffering from an impairment that prevents him or her from doing any other work. *See* 20 C.F.R. §§ 404.1520(f) and 416.920(f) (explaining that, at step five, the factfinder determines whether the claimant's impairments prevent him or her from working).

Thus, it was at this step that the ALJ concluded that Nkrumah was not disabled under the Act.

On appeal, Nkrumah argues that the ALJ erred in relying on the Guidelines because these Guidelines cannot be relied upon in the presence of non-exertional impairments. We agree with the District Court that this argument lacks merit. The ALJ concluded that Nkrumah did not have any non-exertional impairments. He was found capable of performing light work and this finding was supported by substantial evidence. We share the District Court's opinion that, at step five, the ALJ properly followed the procedures and supported his determinations with substantial evidence from the record. We find no error.

IV.

In conclusion, for the reasons set forth, we will affirm the order of the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Richard L. Nygaard
Circuit Judge