

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2003

# Morris v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1332

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Morris v. Comm Social Security" (2003). *2003 Decisions*. Paper 181.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/181

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1332

CYNTHIA MORRIS,

Appellant

v.

\* JOANNE B. BARNHART,
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

\*{Pursuant to Rule 43(c), F.R.A.P.}

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 01-cv-01695)
District Judge: Honorable Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
September 16, 2003

Before: ALITO, AMBRO and CHERTOFF, Circuit Judges

(Opinion filed October 28, 2003)

OPINION

AMBRO, Circuit Judge

Cynthia Morris appeals the District Court judgment affirming the denial of supplemental security income by the Commissioner of the Social Security Administration. At issue is whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Because we conclude that decision is supported by substantial evidence, we affirm.

## I.
### Facts and Procedural History

Morris applied for supplemental security income in 1997, alleging that she was disabled by a pain disorder, severe depression and anxiety. At that time, she was 41 years old. An administrative law judge ("ALJ") collected evidence at two hearings, and issued a decision denying Morris's application on March 25, 1999. In her decision, the ALJ found that the record as a whole did not establish that Morris was disabled. The ALJ found that medical evidence established that Morris had dysthemia and a somatoform disorder, which were severe but which did not meet the criteria for any impairment listings of the Social Security Administration regulations impairment listings because she was not sufficiently restricted in the activities of daily living and social functioning. Next the ALJ considered whether Morris's non-listed, serious impairments prevented her from performing past relevant work or any other work in the national economy. The ALJ found that, as a result of Morris's impairment, she was limited in, among other things, her ability to stand, walk, and sit without interruption, and in the use of her left arm. Consequently, the ALJ found that Morris did not have residual function capacity to

perform her past relevant work as a babysitter.  Based on the testimony of a vocational expert, the ALJ found that Morris did have the capacity to perform other jobs in the national economy, including that of a tutor, toll collector, and parts assembler.  The ALJ also found that "the claimant's statements concerning her impairments and their impact on her ability to work are not entirely credible."  On these grounds, the ALJ denied Morris's application for supplemental security income.  The Appeals Council of the Social Security Administration declined further review, making the ALJ's decision an appealable final decision.  Morris filed an action in the United States District Court for the Middle District of Pennsylvania seeking judicial review of the ALJ decision.  On December 30, 2002, Judge Rambo of the District Court entered an order adopting the report of Magistrate Judge Mannion and denying Morris's appeal.

## II.
### Standard of Review

Although our review of the District Court's order is plenary, "our review of the ALJ's decision is more deferential as we determine whether there is substantial evidence to support the decision of the Commissioner."  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (quoting Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate."  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  If the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have

3

decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Thus the issue before us is whether the Commission's decision that Morris was not disabled, and thus not entitled to supplemental security income, is supported by substantial evidence.

## III.
### The Disability Determinations Process

Eligible disabled individuals are entitled to benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. *See* 42 U.S.C. § 1381a. "Disabled individuals" are "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months" and, because of this, are "unable to perform previous work . . . or any other work which exists in the national economy." Id. § 1382c(a)(3)(A), (B).

The Social Security Administration has established a five-step inquiry to determine whether a claimant is eligible for benefits under the Act. A claimant must identify that: (1) she is not engaged in substantially gainful activity; (2) she suffers from a severe medical impairment; (3) her impairment is listed by the Administration as one creating a presumption of disability; (4) if the impairment is not listed, that the impairment nonetheless prevents her from doing her past relevant work. If the claimant satisfies this burden, then the Commissioner must grant benefits unless she can demonstrate (5) that

4

there are jobs in the national economy that the claimant can perform. 20 CFR § 416.920.

## IV.
## Analysis of Morris's Arguments on Appeal

Morris argues on appeal that the ALJ's decision is not supported by substantial evidence because (1) the ALJ improperly discounted the opinion of her treating psychiatrist and (2) the ALJ improperly discounted those portions of the consulting physician's opinion that were based on Morris's subjective complaints. We analyze each of these arguments and conclude that they are both unpersuasive.

### A.       The ALJ Properly Considered Morris's Treating Psychiatrist's Opinion

On appeal, Morris argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to give proper consideration to the opinion of her treating psychiatrist, Dr. Grossman. Dr. Grossman assigned Morris a Global Assessment of Functioning ("GAF") score of 40, indicating "major impairment in several areas such as work or school, family relations, judgment, thinking, or mood." Morris argues that, if given proper weight, this evidence would have established that she satisfied the requirements for a listed Affective Disorder, thus ending the inquiry at step 3. We disagree.

To satisfy the criteria for an Affective Disorder or a Somatoform Disorder, Morris must satisfy the criteria set forth on both part A and part B of each respective listing. 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.04, 12.07. Part B of both §§ 12.04 and 12.07 require that a claimaint's impairments (the existence of which are not in dispute in this case) result in at least two of the following:

5

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or

4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation.

20 CFR pt. 404, subpt. P, app. 1, Listing 12.04 (1999). A marked limitation is one that seriously interferes with a claimant's ability to "function independently, appropriately, effectively, and on a sustained basis." 20 CFR pt. 404, subpt. P, app. 1 § 12.00(C) (1999).

Morris argues that this opinion is entitled to controlling weight because Dr. Grossman is her treating psychiatrist. Under the treating physician principle, a treating physician's opinion that is consistent with other substantial evidence should be afforded greater weight than other medical opinions. 20 CFR § 416.927(d)(2); Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993). This is true especially when the treating physician's opinion "reflect[s] expert judgment based on a continuing observation of the patient's condition over a prolonged time." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000); Plummer, 186 F.3d at 429; *see also* 20 CFR § 416.927(d)(2)(i) (1999) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion."). Dr. Grossman saw Morris on only three or four occasions over two or three months (Appellant's App. at 303), so his opinion does not reflect judgment based on "continuing observation of the patient's condition over a prolonged time." Thus, contrary to Morris's argument, his opinion is not entitled to any presumption of controlling weight.

But even if it was binding on the ALJ, Dr. Grossman's opinion is not dispositive of

6

Morris's disability. He indicated Morris's GAF score as "40-40." Morris argues that this means "40 at the time of the evaluation and 40 for the year prior to the evaluation." (Appellant's Br. at 6). But, as the District Court points out, according to the Diagnostic & Statistical Manual of Mental Disorders (4th ed. 2000) ("DSM-IV"), GAF scores are reported with a parenthetical notation of the time period reflected, such as "(current)" or "(highest level in the past year)" or "(at discharge)." DSM-IV at 35. Because no such parenthetical notation appeared in Dr. Grossman's report, it was appropriate for the ALJ to determine that she could not infer that Dr. Grossman was assigning Morris a GAF score of 40 for any twelve-month period. And as the District Court noted, Dr. Grossman rendered his diagnosis after his first evaluation of Morris, and thus could not have been providing an historical view of her level of functioning. (Appellant's Br. at 77).

Furthermore, to the extent that Grossman's opinion is relevant to Morris's ability to function, it is inconsistent with other evidence in the record. Prior to Dr. Grossman's evaluation, Dr. Buenaventura, Morris's long-term treating psychiatrist ) assigned Morris a GAF score of 60, which indicates only moderate functional limitations. Also, the Administration's consulting physician, Dr. Picciotto, found that Morris has moderate limitations on activities of daily living due to fatigue and pain, but that she was able to carry out instructions, get along with others, perform activities within a schedule, and make decisions.

Morris argues that Dr. Grossman's opinion is consistent with that of Dr. Harig, a psychologist who reported Morris's responses to the Beck Depression Inventory indicated major depression in the severe range. While relevant to the conclusion that Morris has a serious impairment, this evidence does not indicate the extent to which her depression restricts her life

7

activities as Dr. Grossman's opinion does. Because it does not corroborate Dr. Grossman's opinion, the ALJ properly factored Dr. Harig's opinion into her conclusion that Dr. Grossman's opinion is inconsistent with the other medical evidence in the record.

Because Dr. Grossman's opinion is not entitled to controlling weight, is not dispositive of a listed impairment, and is not inconsistent with other medical evidence in the record, we find that the ALJ gave it proper weight.

**B.      The ALJ properly discounted medical evidence based on subjective complaints.**

Morris next argues that ALJ erred in discounting the opinion of a consulting physician, Dr. Picciotto, who, based on Morris's subjective complaints, concluded that she would have difficulty sustaining work activity. Again we disagree.

"[T]he extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of those statements." Social Security Ruling 96-7. Here the ALJ found that Morris was "less than credible" and thus assigned limited weight to those aspects of Dr. Picciotto's opinion that were based on Morris's subjective complaints. The District Court found that the ALJ's credibility finding was supported by the fact that other doctors' opinions, all part of the administrative record, demonstrated that "the plaintiff sought referrals from doctor after doctor, and when it became clear to her that a particular doctor was not going to cooperate in her quest for a statement that she was disabled, she moved on to the next doctor." (Appellant's Br. at 83).

Morris does not challenge the ALJ's underlying credibility finding. Rather, she argues that Dr. Picciotto's medical opinion cannot be discounted because it is based on her subjective

8

complaints. In support, she cites <u>Reddick v. Chater</u>, 157 F.3d 715, 726 (9th Cir. 1998), in which the Ninth Circuit determined that the ALJ inappropriately rejected the opinions of treating and consulting physicians on the premise that they were based on the claimant's subjective complaints. But highly relevant to the <u>Reddick</u> court was the fact chronic fatigue syndrome, by definition a "self-reported" impairment, was at issue. <u>Id.</u> at 726; <u>see also id.</u> at 725 (concluding that the ALJ's rejection of the physicians' opinions on the premise that they were based on the claimant's subjective complaints "is ill-suited to *this CFS case*" (emphasis added)). In this context, <u>Reddick</u> is inapplicable to Morris's case.

Furthermore, the mere memorialization of a claimant's subjective statements in a medical report does not elevate those statements to a medical opinion. <u>Craig v. Chater</u>, 76 F.3d 585, 590 n.2 (4th Cir. 1996). An ALJ may discredit a physician's opinion on disability that was premised largely on the claimant's own accounts of her symptoms and limitations when the claimant's complaints are properly discounted. <u>Fair v. Bowen</u>, 885 F.2d 597, 605 (9th Cir. 1989) ("The ALJ thus disregarded Dr. Bliss' opinion because it was premised on Fair's own subjective complaints, which the ALJ had already properly discounted. This constitutes a specific, legitimate reason for rejecting the opinion of a treating physician."). Thus we find that the ALJ properly discounted those aspects of Dr. Picciotto's opinion that were based on Morris's subjective complaints.

**V.**
**Conclusion**

For these reasons, we find that the Commission's decision was supported by substantial evidence in the record and affirm the District Court's opinion.

9

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

_____   /s/ Thomas L. Ambro, Circuit Judge

10