

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2004

# Bush v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4142

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bush v. Comm Social Security" (2004). *2004 Decisions.* Paper 703.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/703

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-4142

CHARLES BUSH,

Appellant

v.

JO ANNE BARNHART,
Commissioner, Social Security Administration

On Appeal from the United States District Court
for the District of Delaware
District Judge: The Honorable Judge Gregory M. Sleet
(D.C. No. 02-cv-00339)
_____

Submitted on May 7, 2004

Before: SLOVITER and FUENTES, *Circuit Judges*,
and POLLAK, *District Judge*[*]

(Filed: May 14, 2004)
_____

OPINION OF THE COURT
_____

POLLAK, *District Judge*

---

[*]The Honorable Louis H. Pollak, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

1

Charles Bush ("Bush") appeals from an order of the District Court granting the summary judgment motion of the Commissioner of Social Security ("Commissioner"). Bush initiated this case in the District Court to challenge the decision of Administrative Law Judge ("ALJ") Timothy C. Pace denying Bush's claim for disability insurance benefits and Supplemental Security Income under titles II and XVI, respectively, of the Social Security Act ("The Act"), 42 U.S.C. §§ 401-433, 1381-1383f. The District Court exercised jurisdiction under 42 U.S.C. § 405(g), and, after extensive analysis, the court upheld the ALJ's decision, concluding that "substantial evidence exists that Bush's subjective complaints of pain were not entitled to full credence . . . [and] the totality of the evidence simply does not support a finding that Bush is disabled." *Bush v. Barnhart*, 279 F. Supp.2d 512, 520 (D. Del. 2003).

We have jurisdiction under 28 U.S.C. § 1291. The question to be addressed is whether the ALJ's findings and conclusions are supported by substantial evidence. *Welch v. Heckler*, 808 F.2d 264, 266 (3d Cir. 1986). Substantial evidence means more than a mere scintilla of evidence. *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995). "It means such relevant evidence as a reasonable mind might accept as adequate." *Id*.

Under the Act, and its implementing regulations, a person seeking benefits bears the burden of proving disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512. To determine whether an individual has met this burden, the ALJ must follow the five-step sequential analysis set forth in the regulations promulgated by the Social Security

Administration.  *See* 20 C.F.R. § 404.1520.[1]

In the instant matter, using this five-step analysis, the ALJ concluded that (1) Bush has not engaged in substantial gainful activity at any time since the alleged onset of disability; (2) Bush's episodic gout/inflammatory arthritis, degenerative disc disease of the lumbosacral spine and bronchial asthma constitute a severe impairment; (3) Bush's ailments are not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; (4) Bush did not retain the residual functional capacity to perform the requirements of his past relevant work; and (5) Bush did retain the residual functional capacity to perform other jobs that exist in significant numbers in the national economy.  Based on his fifth finding, the ALJ concluded that Bush was not "disabled" under the Act at any time through the date of the decision.

Bush contends that the ALJ erred with respect to the fifth step of this analysis by finding that, in light of his residual functional capacity, he is able to perform other jobs that exist in the national economy.  Bush argues that the ALJ's decision "is totally devoid of a proper evaluation of the evidence," and that, by "reciting the evidence and then coming to a conclusion without any explanation why certain evidence was accepted . . . and other evidence was not accepted," the ALJ did not engage in valid decision-making.

---

[1]Under the five-step sequential analysis, the ALJ considers whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and (5) if not, whether a significant number of other jobs exist in the national economy that the claimant can perform.  20 C.F.R. § 404.1520.

In addition, Bush submits that the ALJ failed to give adequate weight to his subjective complaints of pain.

After a careful review of the record, we cannot agree that the ALJ erred. The ALJ sufficiently evaluated the evidence before him, and his conclusion that Bush is not disabled is supported by substantial evidence. The ALJ considered the reports of each of Bush's treating physicians[2] and weighed that evidence against Bush's own subjective complaints. Additionally, the ALJ relied upon the testimony of the vocational expert, who testified that appellant "was capable of making a vocational adjustment to other work," and listed the types of work that appellant would be able to perform. In light of this evidence, and while giving Bush the "full benefit of the doubt," the ALJ "did not find entirely credible [Bush's] allegations of disabling pain, and [found that] a thorough review of the objective medical evidence in the record did not alter [the ALJ's] doubts

---

[2]The ALJ noted that (1) in January 1990, Bush was no longer taking medication and was released to return to work by Dr. Sternberg; (2) "[t]hermographic studies of the lumbar spine and lower extremities performed on October 8, 1990 were within normal limits;"(3) Bush was placed in vocational rehabilitation for placement in a light duty job; (4) "[o]n April 8, 1991, Mr. Bush advised that the nerve block had resolved his left leg pain and that he was able to walk without his cane;" (5) "[a] work tolerance evaluation conducted on July 9, 1991 demonstrated that the claimant had the capacity to remain active for an 8-hour day;" (6) Dr. Leroy, a neurologist, "concluded that Mr. Bush is capable of working in a light-duty capacity;" (7) "on July 9, 1993, the claimant indicated that his symptoms were improved with treatment and Dr. Leroy advised that his condition was stable;" (8) during a consultative visit with Dr. Kim, "claimant stated that he could walk 1/4 mile secondary to shortness of breath and low back pain, stand for 1 hour secondary to low back pain, sit for 1 hour, and lift 20 pounds;" (7) "[p]hysical examination was pertinent for clear lung sounds bilaterally without any wheezing or rales," and range of motion and muscle strength of the upper and lower extremities and cervical spine were within normal limits. "There was no joint tenderness, swelling or temperature elevation . . . [and] both knees were stable and the claimant's gait was within normal limits."

4

with regard to [Bush's] credibility." *See* 20 C.F.R. §§ 404.1529 and 416.929 (a residual functioning capacity assessment must be based upon a consideration of all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.); *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) (stating that, under § 404.1529(c), the ALJ's duty to evaluate the intensity and persistence of the pain or symptom and the extent to which it affects the individual's ability to work, requires the ALJ to determine the extent to which a claimant is accurately describing pain symptoms).

Bush relies on *Cotter v. Harris*, 642 F.2d 700 (3d Cir.1981), to support his contention that the case should be remanded because the ALJ did not provide sufficient explanations for his reasoning. However, Bush's reliance on *Cotter* is misplaced. In *Cotter*, the court concluded that the ALJ erred when he (1) gave great weight to a third physician's medical report that did not contain a clinical report or observation and (2) failed to explain his implicit rejection of other expert medical testimony or even acknowledge its presence. *Id.* at 707. There was no such failure here. The ALJ considered and credited each of the physicians' reports, and, indeed, these reports, which note improvements in Bush's condition and his ability to work, support the ALJ's conclusion. The only rejection by the ALJ was of Bush's testimony, which the ALJ found less than credible and unsupported by the objective medical evidence.

Because we conclude that the ALJ's decision is supported by substantial evidence,

5

we will affirm the judgment of the District Court.