

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2004

# Crosby v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4018

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Crosby v. Comm Social Security" (2004). *2004 Decisions*. Paper 694.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/694

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-4018
_____

STEPHANIE CROSBY,

Appellant

v.

JO ANN B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY ADMINISTRATION

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 02-cv-02103)
District Judge: The Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2004

BEFORE: NYGAARD, McKEE, and WEIS, Circuit Judges.

(Filed May 18, 2004)

_____

NYGAARD, Circuit Judge.

Appellant Stephanie Crosby appeals from an order entered in the District Court affirming the decision of the Commissioner of Social Security. The Commissioner had denied Crosby's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. We will affirm.

I.

Because we write solely for the benefit of the parties, we recount the facts only as they pertain to our analysis. Crosby is a 42-year-old female with a Bachelor's Degree in Interior Design and relevant work experience as an interior designer and the principal of a design firm. She applied for disability benefits, alleging that her chronic fatigue syndrome and fibromyalgia, among other things, caused her to be unable to work.

Crosby's application for benefits was denied, and she subsequently presented her claims in a hearing before an Administrative Law Judge. After hearing testimony from Crosby and a vocational expert and reviewing reports and records from several doctors, the ALJ concluded that Crosby was not entitled to disability benefits. Though Crosby was not able to return to her past work, the ALJ stated that considering her age, education, work experience, and residual functional capacity, Crosby was

2

capable of making a successful adjustment to work that existed in significant numbers in the national economy.

The Appeals Council denied Crosby's request to review the ALJ's decision, and Crosby sought review in the District Court. The Court granted the Commissioner's motion for summary judgment and this appeal followed.

## II.

The District Court exercised jurisdiction pursuant to 42 U.S.C. § 405(g) and we have jurisdiction on appeal pursuant to 28 U.S.C. § 1291.

We have previously set forth our standard of review in cases involving an appeal from the denial of disability benefits. We have instructed:

> The role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision. The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record. Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'

*Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)) (internal citations omitted). Under this deferential standard of review, all of Crosby's arguments fail.

Crosby first argues that the ALJ committed error by rejecting Dr. Huha's opinion. Even if the ALJ incorrectly concluded that Crosby was referred by counsel to Dr. Huha, there is still substantial evidence to support the ALJ's decision. Dr. Huha was

3

not a "treating physician" whose opinion would be entitled to deference. *See* 20 C.F.R. § 404.1502. Dr. Huha's opinion derived from tests he conducted on Crosby in close temporal proximity to the hearing before the ALJ, and he provided no "treatment" for her condition.

Crosby next asserts that the ALJ erred by finding that her mental problems and sleep apnea were not severe impairments. As the District Court concluded, however, Crosby did not meet her burden of proving that either impairment, or the impairments taken as a whole, is more than slight.

Crosby next argues that the ALJ did not adequately consider the evidence from Dr. Campbell, who was a treating physician. Crosby asserts that the ALJ's opinion should have discussed and given deference to the portions of Dr. Campbell's report that say Crosby was unable to perform any work, even sedentary work. While Crosby is correct that an ALJ cannot reject evidence for no reason or for the wrong reason, *Plummer*, 186 F.3d at 429, in this case the ALJ did not reject, explicitly or implicitly, the proffered evidence. The ALJ merely afforded Dr. Campbell's opinion less than controlling weight, because the opinion was contradicted by other doctors and itself had portions both supporting and undermining Crosby's claim.

Crosby also argues that the ALJ placed too much emphasis on Dr. Gallagher's statements that her conditions improved with treatment. There is nothing in

the record, however, to indicate that the weight assigned to Dr. Gallagher's statements was improper.

Finally, Crosby contends that it was error for the ALJ to reject her fiance's affidavit detailing her daily physical limitations. We need not dwell on this issue, because any error, if present, was harmless. The fiance's description of Crosby's limitations mirrored her own description, which the ALJ considered.

III.

For the reasons set forth, we will affirm the District Court's order granting summary judgment in favor of the Commissioner of Social Security.