

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2006

# Smith v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3978

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Smith v. Comm Social Security" (2006). *2006 Decisions.* Paper 949.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/949

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3978
_____

RAYMOND H. SMITH,
                    Appellant

v.

JO ANN BARNHART,
COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-04505)
District Judge: Honorable Charles R. Weiner

_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed : June 6, 2006 )

_____

OPINION

_____

PER CURIAM

Raymond H. Smith appeals the District Court's grant of summary judgment in

favor of the Commissioner of Social Security. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. For the reasons stated herein, we will affirm.

The factual and procedural background of this appeal is set out in detail in the District Court's opinion. We will briefly recount the relevant events. On April 2, 2003, Smith filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") based on injuries allegedly sustained in August, 1996. Smith claimed that he suffered from a herniated cervical disc, injury causing severe pain and seizure disorder, anxiety, and depression. The Administrative Law Judge ("ALJ") concluded that the relevant period for determining disability was between June 9, 2000, the first day after the issuance of the previous ALJ's decision, and December 31, 2000, the last day on which Smith met the disability insured status requirements of the Social Security Act ("the Act").[1]

In a decision issued on April 19, 2004, the ALJ denied Smith's request for benefits. The ALJ found that Smith suffered from seizure disorder, cervical radiculopathy, and depression, and that these constitute severe impairments. However,

[1] Smith filed his first application for DIB and SSI in August 1994, supplementing it with applications filed in November 1997 and February 1998. On June 8, 2000, after a long series of administrative proceedings, the ALJ issued a decision finding that Smith was not disabled at any time through the date of the decision. Smith appealed to the United States District Court for the Eastern District of Pennsylvania, which concluded that the ALJ's decision had been supported by substantial evidence. See Smith v. Massanari, D.C. Civ. No. 01-4340 (E.D. Pa. Sept. 20, 2002). We subsequently affirmed. See Smith v. Comm'r of Soc. Sec., C.A. No. 02-3640 (3d Cir. Mar. 21, 2003).

relying on the opinion of the state agency physician that Smith could perform medium exertional work, and on the testimony of the vocational expert that a sufficient amount of such work existed in the national economy (e.g., hand packer, kitchen helper, or laundry worker), the ALJ concluded that Smith "has not been under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision."

After the Appeals Council denied Smith's request for judicial review of the ALJ's decision, Smith sought review in the United States District Court for the Eastern District of Pennsylvania. The District Court concluded that the ALJ's decision was supported by substantial evidence and therefore denied Smith's motion for summary judgment and granted the Commissioner's cross-motion for summary judgment. Smith timely appealed.

Our review is limited to whether the administrative decision is supported by substantial evidence. See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). We have defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)).

On appeal to the District Court, Smith, through counsel, argued that the ALJ erred in concluding that he did not suffer severe functional limitations and that he suffered only mild restrictions in daily living. The District Court fully addressed each of these issues and found the ALJ's conclusions to be supported by substantial evidence. For the reasons expressed by the District Court, we agree that there is substantial evidence in the record to

3

support the ALJ's conclusion that Smith was not disabled <u>during the relevant time period</u>.

We therefore will affirm the judgment of the District Court.

———————————————————