

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2007

# Sharp v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2619

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sharp v. Comm Social Security" (2007). *2007 Decisions.* Paper 1203.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1203

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2619
_____

TAMMY K. SHARP,

Appellant

v.

*MICHAEL J. ASTRUE,
Commissioner of Social Security Administration,

*Pursuant to F.R.A.P. 43(c)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 05-cv-00250E)
District Judge: Hon. Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
March 29, 2007

Before: RENDELL, BARRY and CHAGARES, Circuit Judges.

(Filed:  April 26, 2007)

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Tammy Sharp appeals from a District Court order affirming the decision of an

Administrative Law Judge ("ALJ") denying Sharp Disability Insurance Benefits and

Supplemental Security Income. We agree with the District Court that substantial evidence supports the ALJ's decision and so we will affirm.

## I.

Because we write only for the parties, we present the facts briefly.

At the time of her hearing before an ALJ, Sharp was 39 years old. She had been employed as a housekeeper, packer, check processor, gas station attendant and deli worker. Sharp had been last employed as a housekeeper in a hospital. She had taken a leave of absence from that job in July of 2002 to have surgery on her right knee and had since been unemployed.

Sharp applied for Disability Insurance Benefits and Supplemental Security Income, alleging disability as of July 12, 2002 due to multiple impairments. At the hearing before the ALJ, Sharp testified to several ailments including headaches three or four times a week, and pain and swelling in her feet, ankles, knees, and hands.

Sharp's medical history indicates, among other things, that extremities on her left side are weak after a stroke, that she has had heart surgery, and that she has been treated for pain in her knees, a right-ankle sprain, headaches, anxiety, and depression. The details of Sharp's medical history were well described by the District Court and we will not repeat those details separately here.

## II.

In order to receive disability benefits, a claimant must establish that she is disabled under the Social Security Act. Disability is defined by the Act as an "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The ALJ went through the five steps set forth by the Social Security Administration to determine whether Sharp was disabled. See 20 C.F.R. § 404.1520; Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). First, the ALJ found that Sharp was not engaging in substantial gainful activity. Second, the ALJ determined Sharp's "stroke residuals, sequelae of knee and ankle injuries as well as heart surgery, and migraine headaches" were "severe impairments." AR 24. See 20 C.F.R. § 404.1521. Third, the ALJ concluded that, although severe, these impairments did not meet or equal those listed in 20 C.F.R. 404, subpt. P, app. 1.

As required by the fourth step of the five-step analysis, the ALJ determined Sharp's residual functional capacity. The ALJ found Sharp could lift ten pounds frequently and twenty pounds occasionally, stand/walk two hours in an eight-hour day, and sit for six hours in an eight-hour day. Thus, the ALJ found Sharp could perform a full range of work at the sedentary exertional level. Relying on this finding, the ALJ concluded that Sharp could perform at least one job from her past relevant work – the check processing job. Because a claimant is considered not disabled if she can perform the requirements of past work, the ALJ could have ended his analysis there. But the ALJ went on to step five of the analysis and found that even if Sharp could not perform her

3

past work, other jobs existed in significant numbers in the national economy that Sharp could perform.[1]

The Appeals Council denied Sharp's request for review and Sharp filed a complaint in the District Court under 42 U.S.C. § 405(g).  The Commissioner of Social Security and Sharp filed cross-motions for summary judgment.  The District Court granted the Commissioner's motion and denied Sharp's motion.  This appeal followed. We have jurisdiction under 28 U.S.C. § 1291.

III.

We exercise plenary review over a grant of summary judgment and so our role on appeal is the same as the role of the District Court.  See Plummer, 186 F.3d at 427. Specifically, we must affirm if we conclude the ALJ's findings are supported by substantial evidence.  Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Here, the ALJ found that Sharp's impairments, although severe, did not result in total disability.  Rather, the ALJ determined that Sharp retained the residual functional capacity to engage in sedentary work.  Sharp challenges this conclusion on three grounds.

---

[1]  In coming to this conclusion, the ALJ relied on the testimony of a vocational expert who stated that, assuming Sharp's residual functional capacity limited her to sedentary work, a person with Sharp's age, educational background, and employment history could work as a cashier, a receptionist, or an information clerk.

First, Sharp argues that the ALJ did not consider the entire medical history included in the record. Second, Sharp argues that her headaches preclude all substantial gainful activity. Third, Sharp argues that the ALJ failed to recognize and resolve a conflict between the post-examination assessment of a consulting physician and the ALJ's finding that Sharp could engage in sedentary work.

Although an "ALJ must consider all relevant evidence when determining an individual's residual functional capacity," an ALJ is not required to refer "to every relevant treatment note in a case where the claimant . . . has voluminous medical records." Fargnoli v. Massanari, 247 F.3d 34, 41, 42 (3d Cir. 2001). Here, the ALJ stated that he considered the entire record (which was sizeable) but his opinion does not describe in detail Sharp's treatment history prior to the date of her alleged onset of disability. The ALJ's opinion, however, provides factual foundations for his findings. Because, from this, we are able to evaluate whether substantial evidence supports the ALJ's determination, we find no reversible error. Moreover, we have examined the evidence that Sharp contends the ALJ did not consider, and we find no conflicting probative evidence that would affect the outcome of this case.

Sharp points to medical records that are consistent with her testimony that she experiences headaches and argues that her headaches alone prevent her from full-time employment. But evidence that Sharp simply experiences headaches does not indicate an inability to work. Unfortunately for Sharp, there is no record evidence that Sharp's headaches render her totally disabled, and in fact, there is evidence that her headaches

5

have been controlled by medication.  Substantial evidence, then, supports the ALJ's determination that Sharp can work despite her history of headaches.

Sharp argues that the ALJ failed to recognize a conflict between his finding that Sharp could stand and walk for two hours in an eight-hour day and the assessment of a consulting examiner, Dr. Vajayaprabha Ramanujam.  Dr. Ramanujam used a form to summarize an assessment of Sharp's ability to engage in full-time employment.  The doctor checked a box to indicate Sharp had the capacity to stand and walk for one to two hours in an eight-hour day.  Sharp contends that "one to two hours means . . . less than two hours."  Br. 36.  We disagree.  The form used by Dr. Ramanujam listed four options to describe the cumulative hours Sharp could stand and walk in an eight-hour day: one hour or less; one to two hours; more than two hours, but less than six hours; six hours or more.  Selecting "one to two hours" from this list suggests an assessment that Sharp was capable of standing and walking for two hours, but not more than two hours.  Accordingly, this assessment is consistent with the ALJ's determination that Sharp could engage in sedentary work that does not require her to stand and walk for more than two hours in an eight-hour day.

## IV.

Because substantial evidence supports the ALJ's determination, we will affirm the judgment of the District Court.