

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2004

# Schuh v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2556

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Schuh v. Comm Social Security" (2004). *2004 Decisions.* Paper 1074.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1074

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2556

ERIC P. SCHUH,
Appellant

v.

*JO ANNE B. BARNHART, COMMISSIONER
OF THE SOCIAL SECURITY ADMINISTRATION

*(Pursuant to Rule 43(c), F.R.A.P.)

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 01-cv-00676)
District Judge:  Honorable Kent Jordan

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2004

Before:  SLOVITER, RENDELL and ALDISERT, Circuit Judges.

(Filed: January 23, 2004)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Eric Schuh applied for disability insurance benefits ("DIB") under Title II of the

Social Security Act, 42 U.S.C. §§ 401-433 (2003), after he lost his job on March 14,

1998. The Commissioner of Social Security denied his application after an administrative law judge ("ALJ") determined that Schuh could perform jobs that existed in a significant number in the national economy. Schuh sought judicial review of the Commissioner's final decision in the United States District Court for the District of Delaware. The District Court granted summary judgment in favor of the Commissioner, upholding the denial of benefits to Schuh, and Schuh appeals that decision. The District Court had jurisdiction under 42 U.S.C. § 405(g), and we exercise jurisdiction over the Court's final order under 28 U.S.C. § 1291. Because substantial evidence supports the denial of Schuh's application for DIB, we will affirm.

As we write solely for the parties, we will recite only those facts relevant to the issue before us. Schuh first filed for DIB after he was discharged from his position as a concrete tester for the Delaware Department of Transportation on March 14, 1998. In his application for DIB, he claimed disability due to permanent problems with his lower back, left ankle, and right knee. After his initial claim was denied, Schuh was granted a hearing before an ALJ. At this hearing, in addition to the medical impairments he described in his application, Schuh also asserted that he suffered from mental impairments that left him unable to relate to or work with other people. After considering the medical opinions of a number of treating physicians, the opinions of an examining psychiatrist and a psychologist who reviewed the case, and the testimony of a vocational expert and Schuh himself, the ALJ found that Schuh was capable of performing certain

2

sedentary work that exists in significant numbers in the nation's economy. Thus, the ALJ

denied Schuh's application for DIB. The ALJ's decision became the final decision of the

Commissioner when the Appeals Council found no basis to review it. 20 C.F.R. §§

404.955, 404.981, 422.210 (2003).

Schuh sought review in the District Court, where the ALJ's decision was upheld,

and he now appeals the matter to us.[1] He contends that the ALJ's specific findings

require that he be granted DIB.[2] Specifically, Schuh points to the ALJ's finding that

Schuh "has moderately severe difficulty relating to other people as well as moderately

severe impairments in his ability to perform work in contact with others." Schuh asserts

that this finding demonstrates that the ALJ accepted the conclusions of the examining

psychiatrist, Dr. Randy Rummler, who indicated that Schuh's rating in those areas was

"moderately severe," rather than those of the reviewing psychologist, who indicated that

Schuh's rating in the same areas was only "moderately limited."[3] Based on those

[1]Because Schuh only challenges the ALJ's conclusions related to his mental impairments, we will not engage in a discussion of the other medical opinions or Schuh's testimony related to his physical ailments. It is undisputed that his physical limitations alone would not render him totally disabled for DIB purposes.

[2]Under Title II of the Social Security Act, a person will only qualify for DIB if he is "disabled." Id. The Act defines "disability" as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2003).

[3]"Moderately severe" is defined on Dr. Rummler's report to mean "an impairment which seriously affects ability to function." Schuh equates "moderately limited," which is not defined on the reviewing psychologist's report, to "moderate," which is defined on

3

conclusions, Schuh argues that the testimony of the vocational expert at his hearing can only support a finding Schuh is disabled.  Schuh points to the vocational expert's responses to a series of hypothetical questions posed by the ALJ and Schuh's counsel.  According to Schuh, those responses indicate that a person who is like Schuh in all material respects, with moderately severe impairments affecting his ability to relate to other people, would be incapable of performing any jobs existing in significant numbers in the nation's economy.

We review de novo the District Court's grant of summary judgment, applying the same deferential standard in examining the ALJ's decision as the District Court did.  Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003).  In other words, we ask whether the ALJ's findings are supported by substantial evidence.  42 U.S.C. § 405(g) (2003); Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citation omitted), quoted in Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).  In making this determination, we may not "weigh the evidence or substitute our own conclusions for that of the fact-

---

Dr. Rummler's report to mean "an impairment which affects but does not preclude ability to function." [Id.].  We have indicated that "moderately limited" means that an impairment interferes with the claimant's ability to perform a given task up to one third of the time.  Morales v. Apfel, 225 F.3d 310, 314 n.4 (3d Cir. 2000).

finder." Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

In evaluating Schuh's claim, the ALJ applied the familiar five-step inquiry set forth in 20 C.F.R. § 416.920 (2003).[4] At steps one through four, the ALJ found that Schuh was not currently employed, that he suffered from severe physical and mental impairments,[5] that the impairments did not meet or equal any of the impairments listed by the agency in the Appendix referenced in 20 C.F.R. § 416.920(d), and that Schuh could not perform his past relevant work as a concrete tester. Schuh does not challenge any of these findings on appeal.

Schuh's claim for DIB failed at step five of the analysis, where the ALJ found that "there are a significant number of jobs in the national economy that [Schuh] could perform." Relying on the testimony of a vocational expert, the ALJ found that Schuh could work as an inspector/examiner, a machine operator, or an assembler,

---

[4]The five-step analysis requires the ALJ to consider the following factors: 1) whether the claimant is currently employed; 2) whether the claimant suffers from severe mental or physical impairments; 3) whether those impairments, considered alone or together, meet or equal any listing created by the agency; 4) whether the claimant's residual functional capacity allows him to perform his past relevant work; and 5) whether the claimant is capable of performing jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920 (2003).

[5]Specifically, the ALJ determined that Schuh's disorders involving his back, left ankle, and right knee were severe physical impairments, but he concluded that Schuh's problems with his hands were nonsevere. Regarding Schuh's mental impairments, the ALJ found that he suffered from a somatoform disorder and a paranoid personality disorder, both of which were severe. He also noted that Schuh exhibited possible drug dependency and abuse related to his use of Percocet for his back pain, but that such an addiction is not grounds for claiming a disability.

notwithstanding his physical and mental impairments. [Id.]. As a result, the ALJ concluded that Schuh was not "disabled" for purposes of the Act, and his application for DIB was denied. It is this finding regarding the fifth step of the inquiry that we must examine to determine whether it was supported by substantial evidence.

The burden of proof at the fifth step of the analysis of whether a claimant is disabled for DIB purposes is on the Commissioner, represented by the ALJ, to show that there are jobs existing in significant numbers in our economy that the claimant could perform. Fargnoli v. Massanari, 247 F.3d 34, 39 (3d Cir. 2001). In order to meet this burden, the ALJ often relies on the testimony of a vocational expert. Id. Here, the ALJ sought the assistance of a vocational expert, soliciting the expert's opinion by presenting a series of hypothetical questions based on the facts of this case. The facts in the ALJ's questions were based on Schuh's physical limitations, as well as his mental impairments as they were described in the report of the psychologist who reviewed all of Schuh's medical records (including Dr. Rummler's report). Thus, the vocational expert testified that, assuming "moderately limited" ability to interact or work with other people, a person with Schuh's impairments would still be able to perform work as an inspector/examiner, a machine operator, or an assembler.

After the ALJ's questioning, Schuh's counsel altered the hypotheticals already posed to indicate that the person had a "moderately severe" impairment of his ability to interact or work with others. Counsel indicated that by "moderately severe," he meant

6

that the impairment seriously affects the person's ability to function, which was Dr. Rummler's definition of the term. After clarifying the question, the vocational expert testified that no jobs would be available to such a person. Combining this response with the ALJ's finding that Schuh has "moderately severe difficulty" relating to or working with others, Schuh urges us to find that the only evidence in the record on this point – the vocational expert's responses to counsel's hypothetical – indicates that Schuh is disabled.

We are unpersuaded by Schuh's interpretation of the ALJ's findings. The report of the reviewing psychologist – evidence that the ALJ explicitly credited – supported the hypothetical questions posed by the ALJ. A reasonable fact-finder could credit that report and, thus, render a decision that Schuh is not disabled based on the vocational expert's responses to the ALJ's questions. The ALJ's use of the phrase "moderately severe" in his findings does not signal that he was relying on or accepting Dr. Rummler's report. In fact, the ALJ explicitly discredited Dr. Rummler's report, stating that his findings and his conclusions were very often inconsistent. The ALJ also questioned Schuh's credibility regarding his mental status, which further undermines Dr. Rummler's conclusions, as he made them relying entirely on information gained through a conversation with Schuh. Thus, a reasonable fact-finder could have questioned Dr. Rummler's conclusions and, instead, relied on the reviewing psychologist's report. In light of the ALJ's reasonable and obvious distrust of Dr. Rummler's opinion, it is far from certain – indeed, it seems rather unlikely – that the ALJ's use of the phrase "moderately severe" in his finding

7

describing Schuh's mental impairments indicates that the ALJ accepted Dr. Rummler's conclusions or attempted to assign to the term the same meaning that it had in Dr. Rummler's report.

Schuh also appears to urge that the regulations regarding the evaluation of medical opinion evidence[6] required the ALJ to credit the opinion of Dr. Rummler, since he was the only psychiatrist who personally examined Schuh. However, nothing in the Act or the regulations related to it makes such a weight assignment mandatory. Moreover, as discussed previously, the ALJ's opinion clearly states reasons for his discrediting of Dr. Rummler's opinion. Given his observations and their support in the record, we cannot say that the ALJ's skepticism regarding Dr. Rummler's conclusions was unfounded.

Therefore, while there is some evidence in the record that may have supported a conclusion that Schuh is disabled, we conclude that there is substantial evidence supporting the ALJ's finding that he is not. Accordingly, we will AFFIRM the order of the District Court granting summary judgment in favor of the Commissioner.

---

[6]The regulation to which Schuh refers states that in hearings for DIB benefits, "[g]enerally, [the ALJ] give[s] more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(d)(1).

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/ Marjorie O. Rendell
Circuit Judge

Dated: January 23, 2004