

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2004

# Hur v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3797

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Hur v. Comm Social Security" (2004). 2004 Decisions. Paper 820.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/820

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-3797

_____

CHUN SOO HUR,
Appellant

v.

JO ANNE B. BARNHART,
Commissioner of Social Security

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 02-cv-08444)
District Judge: Honorable Charles R. Weiner

_____

Submitted Under Third Circuit LAR 34.1(a)
April 13, 2004

Before: RENDELL, COWEN and LAY*, Circuit Judges.

(Filed: April 16, 2004)

_____

OPINION OF THE COURT

_____

_____

*Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by
designation.

LAY, Circuit Judge.

Chun Soo Hur filed an application for supplemental security income on December 4, 2000, alleging disability since September 1, 1999. The agency denied her application after she refused to attend a consultative examination, stating that her application did not show that her condition was disabling. On May 14, 2002, an administrative law judge ("ALJ") conducted a hearing on the matter at Hur's request, and in a June 27, 2002, decision, found her not to be eligible for supplemental security income. The Appeals Council subsequently denied Hur's request for review, making the ALJ's adverse ruling the final decision of the Commissioner of Social Security. Hur, having exhausted her administrative remedies, filed a complaint in federal district court for the Eastern District of Pennsylvania. The district court granted the Commissioner's motion for summary judgment. Hur now appeals, and we affirm.

## I. BACKGROUND

Hur was born in Korea in 1937. She has lived in the United States for more than fifteen years, and testified at the administrative hearing that she recently became a United States citizen. She and her husband owned and operated a pocketbook store for about six years during the mid to late 1990s. She primarily worked as the cashier in that store, but also performed other tasks that needed to be done. Hur further testified that she and her husband gave up the store because her husband underwent an operation and is now

2

disabled. She stated that she did not try to run the store herself or look for other work as a cashier because of the pain in her back and neck. She explained that she had the pain even before they closed their store. Her alleged onset date, however, coincides with the closing of her and her husband's business.

Hur complained of a number of ailments including lower back, shoulder, hip, breast, knee, and neck pain, as well as headaches. Hur sought no treatment for these pains until one month before applying for benefits–more than a year after her alleged onset date.[1] Although tests and x-rays revealed degenerative disc disease at level C5-6 of her cervical spine, tests of her shoulder, pelvis, hip, breast, and knee were all normal. Physical examinations by Hur's treating physician, Won M. Kim, M.D., indicated nothing unusual. Dr. Kim nevertheless noted in his records that Hur was not able to work, and his medical source statement of March 6, 2002, indicated that Hur could stand and walk for only up to two hours and had limited ability to push, pull, lift, or carry. The medical source statement also indicated, however, that Hur could sit without limitation, and could reach, handle, and use her fingers without limitation. Despite all of Hur's alleged pain, she was never given any prescriptions for pain medication, but only took Tylenol or Motrin.

The ALJ determined that Hur was not entitled to disability benefits. Although she

---

[1]Similarly, she began seeing a chiropractor only two weeks before the administrative hearing, and never submitted records from these visits.

reluctantly granted that Hur's medical condition was "severe," the ALJ determined that Hur retained the ability to perform her past work as a cashier. The ALJ further found that Hur's testimony could not be totally credited.

The district court granted the Commissioner's motion for summary judgment, finding that there was substantial evidence to support the ALJ's determination that Hur was able to perform her past relevant work as a cashier.

Hur now appeals.

## II. ANALYSIS

Our standard of review is the same as that applied by the district court, that is, whether the ALJ determination adopted by the Commissioner is supported by "substantial evidence" on the record as a whole. See, e.g., Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). We are not "empowered to weigh the evidence or substitute [our] conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).

The Social Security Administration applies a five-step test to determine if a claimant is disabled for purposes of qualifying for supplemental security income. The ALJ considers, in sequence, whether a claimant: 1) worked during the period of alleged

4

disability; 2) had a severe impairment; 3) had an impairment that meets or equals the requirements of a listed impairment; 4) could return to her past relevant work; and 5) if not, whether she could perform other work in the national economy. See 20 C.F.R. § 416.920 (2002); see also Burns, 312 F.3d at 118-19. If the ALJ finds that the claimant is disabled or not disabled at any point in the analysis, it does not review the claim further. See 20 C.F.R. § 416.920 (2002). As stated above, the ALJ found that Hur was not disabled at step four of the analysis because her alleged ailments did not prevent her from performing her past relevant work as a cashier.

We find there is substantial evidence on the overall record to support the ALJ's decision. The ALJ and the district court were correct to discount Dr. Kim's assessment of Hur's limitations. Hur's claim of severe pain and Dr. Kim's assessment are simply not supported by the medical evidence. Most of the diagnostic tests showed Hur's physical condition to be "normal" or "unremarkable." Moreover, none of the tests prompted Dr. Kim to conduct further testing or treatment, or to give Hur any prescription drugs for pain.

Hur argues on appeal that the ALJ erred because she failed to discuss, or even mention, the x-rays showing degeneration of Hur's spine. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001) (remanding for a more comprehensive analysis of the evidence where the ALJ discussed only four diagnostic tests and five treatment notes out of 115 pages of relevant medical evidence). We find, however, that the ALJ sufficiently

5

addressed the medical evidence. There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record. Even in Fargnoli, the court conceded that it did not expect the ALJ to make reference to *every* piece of relevant information. See Fargnoli, 247 F.3d at 42. Moreover, we do not find the x-rays to which Hur points particularly notable. Despite Hur's protestations to the contrary, the evidence does not support that the spinal condition shown in the x-rays was responsible for the disabling pain that she complained of or caused any functional limitations that affected her ability to work as a cashier. That this spinal condition did not cause Hur disabling pain is demonstrated by the fact that Dr. Kim himself seemed to place no importance on the x-rays. He did not conduct further tests, he did not pursue any treatment for the condition, and he did not even prescribe any pain medication to Hur on the basis of these x-rays. See Welch v. Heckler, 808 F.2d 264, 270 (3d Cir. 1986) (holding that the absence of prescription pain medication is a factor indicating that the claimant's pain is not disabling).

Hur also argues on appeal that the ALJ substituted her own opinion for that of Hur's treating physician. See Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (stating that an ALJ may not substitute her own lay opinion for the opinion of the treating physician).[2] We do not believe, however, that the ALJ substituted her own judgment for

---

[2]Hur also argues that the ALJ erroneously characterized Hur's past relevant work as being in the "light" exertional strength level, whereas the vocational expert at the hearing classified Hur's work running the store with her husband as "light to medium." The

that of Dr. Kim. Indeed, it is the duty of the ALJ to review the medical evidence to determine if it supports the physician's finding of a disability. See 20 C.F.R. § 404.1527(e)(1) (2002) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); see also Wright v. Sullivan, 900 F.2d 675, 683 (3d Cir. 1990). Here, there is essentially no medical evidence to substantiate Hur's claims of disabling pain. Under these circumstances, it was appropriate for the ALJ to discount Dr. Kim's assessment that Hur was "not able to work." See Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991) (holding that physician's opinions that are conclusory and unsupported by the medical evidence are not controlling); Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir. 1985) (holding that lack of clinical data supporting claimant's alleged disability "outweighed" the testimony of the claimant and her treating physicians, and therefore the ALJ did not err in finding there was no disability).

Finally, Hur argues that there was not substantial evidence to support the ALJ's credibility determination, but we find otherwise. As an initial matter, we believe that it is

relevant inquiry for the ALJ was not, however, whether she could return to her actual job of running the store with her husband, which may have required some extra exertion, but whether she could do the "kind of work" that she did in the past, *i.e.*, as salesperson/cashier. See 20 C.F.R. § 416.920(e) (2002) ("If you can still do this kind of work, we will find that you are not disabled."). Work as a cashier or salesperson of general merchandise is defined as being "light." See Dictionary of Occupational Titles § 279.357-054 (U.S. Dep't of Labor, 4th ed., rev'd 1991). We therefore find no error by the ALJ.

7

highly suspect that Hur's severe pain coincided so conveniently with the closing of her and her husband's business. We also think it is questionable that she supposedly endured this disabling pain for a year without ever seeing a doctor and that she *never* received prescription pain medication from Dr. Kim. Finally, we note that the disabling pain that Hur alleges is not substantiated by the medical tests or even Hur's own testimony, which demonstrates that she is still quite active doing housework and caring for her disabled husband. See Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003) (stating that courts "ordinarily defer to an ALJ's credibility determination because he or she has the opportunity at a hearing to assess the witness's demeanor").

## III. CONCLUSION

For the reasons set forth above, we believe that there was substantial evidence to support the Commissioner's determination, and the decision of the district court will therefore be AFFIRMED.