

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2004

# Karnes v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4015

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Karnes v. Comm Social Security" (2004). *2004 Decisions.* Paper 575.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/575

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-4015
_____

JANET L. KARNES,

Appellant


v.


*JO ANNE B. BARNHART, THE
COMMISSIONER OF SOCIAL SECURITY


*(Pursuant to Rule 43(c) F.R.A.P.)


_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 99-cv-01735)
District Judge:  The Honorable Robert J. Cindrich


_____


Submitted Under Third Circuit LAR 34.1(a)
May 12, 2004


BEFORE: NYGAARD, McKEE, and WEIS, Circuit Judges.

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

This case involves a claim for supplemental security income (SSI) under Title XVI of the Social Security Act. Appellant Janet L. Karnes petitioned the District Court to overturn the Social Security Commissioner's final decision denying Karnes SSI benefits. Exercising jurisdiction pursuant to 42 U.S.C. § 405(g), the District Court granted the Commissioner's motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291. We will affirm the District Court's order.

## I. Standard of Review

While we review the District Court's order *de novo*, we will only reverse a grant of summary judgment for the Commissioner if we conclude that the ALJ's findings are not supported by "substantial evidence." 42 U.S.C. § 405(g), *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984). "Substantial evidence" represents evidence 'a reasonable mind might accept as adequate' to support a conclusion. *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## II. Factual & Procedural Background

Karnes first applied for disability benefits in 1994. She alleged that neck and back pain and diminished memory resulting from a 1987 car wreck rendered her unable to work. Karnes' application was denied twice before she obtained an administrative hearing on January 30, 1998. Applying the familiar five-step analysis, the ALJ concluded that although Karnes' lingering pain and anxiety limited her capabilities, Karnes was not disabled under 20 C.F.R. § 416.920(f). Further, the ALJ found that Karnes' claims were exaggerated and not credible when compared with other evidence.

Karnes obtained a second hearing before the same ALJ in 2002 because the Social Security Administration was unable to locate her claim file. Again, the ALJ concluded that although Karnes suffers from severe impairments, these impairments do not meet or exceed the limitations listed in Appendix 1, Subpart P, Regulation No. 4; and a significant number of jobs exist to accommodate her residual functioning capacity. The ALJ again found Karnes' testimony not credible.

Karnes then sought relief from the District Court. That Court concluded that "substantial evidence supports the Commissioner's decision that Karnes had the residual capacity to complete modified light work." Appellant's Appendix at 30. The Court then granted the Commissioner's motion for summary judgment and Karnes filed this appeal.

III.

On appeal, Karnes argues that, in light of the whole record, no substantial evidence exists to support the ALJ's findings that Karnes can engage in modified light work, and

that her testimony was not totally credible. After a careful review of the record, we conclude that the ALJ's findings are supported by substantial evidence.

## A.

First, Karnes argues that she does not have the ability to carry out even sedentary work, much less modified light work. However, as the ALJ pointed out, a substantial amount of medical evidence contradicts Karnes' assertions. Medical records spanning fifteen years of medical treatment consistently suggest that although Karnes may suffer from residual neck and back pain, she is not totally disabled. For instance, Dr. Gardner, Karnes' treating physician from 1987-1991, noted that Karnes retained a full range of motion in her shoulder and neck and that she could walk normally. In 1997, Dr. Scullin reported "no objective evidence of ongoing neuropathy" and that Karnes could "perform sedentary or light activities as long as frequent changes in position were allowed." Admin. Rec. at 337. Treating and consulting physicians deemed a 2001 whole body bone scan "essentially normal." Admin. Rec. at 462. In 2002, orthopedist Dr. Jerome Bonier described Karnes' reflexes, motor skills and gait as normal.

Next, Karnes argues that her anxiety and depression render her unable to work. In order to be considered disabling, a mental condition must result in at least *two* of the following: 1) marked restriction of activities of daily living; 2) marked difficulties in maintaining social functioning; 3) marked difficulties in maintaining concentration,

4

persistence or pace; or 4) repeated episodes of decompensation, each of extended duration. 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.06.

The ALJ found that although Karnes was afflicted by anxiety and depression, she could reasonably control her symptoms through continued use of anxiety medication. Therefore, the ALJ concluded, Karnes' impairments were not sufficiently severe to render her disabled. Karnes contends that the ALJ's findings contradict her extensive medical records. However, the nature of the Karnes' treatment provides substantial evidence supporting the ALJ's findings. For example, Karnes' own treating psychiatrist, Dr. Matta, never prescribed anti-depressants to Karnes and reported that Karnes successfully managed her symptoms while using anxiety medication. Further, the record reveals that Karnes could dress herself, care for several young children and complete a wide range of household chores with little functional limitation.

Karnes argues that the ALJ engaged in irresponsible "guess work" in discerning how much work Karnes could do in a given day. On the contrary, the record indicates the ALJ took special care to recognize Karnes' genuine difficulties. For example, the ALJ concluded that Karnes is indeed limited by severe impairments as a result of neck and back pain, anxiety and depression. The ALJ also noted that Karnes was unable to return to her past relevant work and adopted Dr. Bonier's recommended limitations on the type of light work that Karnes could do.

Finally, the ALJ directed several hypothetical questions to an impartial vocational expert to determine whether Karnes' impairments would prevent her from finding suitable work. The ALJ limited potential jobs to those involving one or two-step instructions, moderate to low stress levels and those that would allow Karnes to alternate her body position. The vocational expert indicated that approximately 3 million jobs exist in the national economy that could accommodate Karnes' limitations.

B.

"[W]here credibility determinations are based on the ALJ's assessment of demeanor, those assessments are entitled to great deference as long as relevant factors are considered and resolutions explained." *Atlantic Limousine, Inc. v. N.L.R.B.*, 243 F.3d 711, 718 (3d Cir. 2001).

In this case, the ALJ pointed to specific discrepancies between Karnes' assertions and her medical records. Karnes' claim of total disability contrasted sharply with Dr. Scullin's determination that Karnes suffered no impairment of ambulation and no clinical signs of atrophy. While Karnes asserted that she suffered from debilitating anxiety and sleeplessness, her psychiatrist consistently reported that Karnes was managing her symptoms. Finally, Karnes also complained that she suffers from debilitating depression, but her own psychiatrist has declined to prescribe her any anti-depressants. Substantial evidence supports the ALJ's determination that Karnes lacked total credibility. We will therefore defer to that finding.

## IV.  Conclusion

For the reasons stated above, we find that the record contains substantial evidence supporting the ALJ's findings.  Accordingly, we will affirm the order of the District Court.