Inna **BELOTSERKOVSKAYA**, Plaintiff

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.**

**No. Civ.A. 01–4903.**

United States District Court,
E.D. Pennsylvania.

Oct. 26, 2004.

Thomas D. Sutton, Langhorne, PA, for Plaintiff.

Nicholas Cerulli, Social Security Administration Office of the General Counsel, Philadelphia, PA, for Defendant.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

On March 13, 2000, plaintiff Inna Belotserkovskaya filed an application for disability benefits under Title XVI of the Social Security Act. The application was denied on July 18, 2000 and Belotserkovskaya filed a request for a hearing. Following a hearing on May 17, 2001, an Administrative Law Judge ("ALJ") found that Belotserkovskaya was not entitled to federal disability benefits. The Appeals Council denied plaintiff's request for review. After she filed this action in U.S. District Court seeking review of the administrative decision, the Commissioner moved to remand Belotserkovskaya's case for further action, including updating the medical record through expert evaluations. This court granted that motion on December 13, 2001. The Appeals Council issued an order remanding the case to an ALJ on February 9, 2002. A second hearing was finally held on January 8, 2003. On February 14, 2003, the ALJ issued a decision denying plaintiff benefits. Belotserkovskaya renewed her claim in this court. Now before the court are the parties' cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This court has jurisdiction over this appeal pursuant to Title 42 United States Code Sections 405(g) and 1383(c).

At the time Belotserkovskaya filed her application for disability benefits, she was 57 years old and claimed that she had been disabled for approximately three years due to a combination of ailments: arthritis, hypertension, high cholesterol, mood disorder, heart condition, and non-insulin diabetes mellitus. *See* Record at 142. Belotserkovskaya is an Ukrainian immigrant and cannot speak English. For about fifteen years, she worked in the Ukraine as an inventory clerk at a shipbuilding warehouse, a semi-skilled position that required only light exertion. *See id.* at 90–93; 151. She left that job due to her medical problems in 1997 and in 2000 came to the United States where she lives with her son, daughter-in-law, and grandchildren in the Philadelphia area. Belotserkovskaya testified that she performs light housework and has limited mobility, taking short walks around the neighborhood and occasional trips on public transportation when accompanied by a family member. *See* Record at 20, 98–99.

In his decision issued after the second hearing, the ALJ stated that plaintiff was unable to perform any of her past relevant work due to her "severe impairment" of a "mood disorder due to general medical condition." *See* Record at 18, 24. According to federal regulations, an applicant in this position is entitled to benefits unless there is substantial evidence that he or she could perform alternative jobs that exist in significant numbers.[1] *See Plummer v. Apfel,* 186 F.3d 422, 428 (3d Cir.

---

1. According to C.F.R. §§ 404.1520(e), 416.920(e), the ALJ must perform a five-step analysis in reviewing applications for disability benefits under the Social Security Act. The steps are, in short, (1) whether claimant is engaged in a substantial gainful activity; (2) if not, whether the claimant suffers from a "severe impairment"; (3) if so, whether that impairment is one of those listed in the relevant regulatory appendix; (4) if not, whether the impaired claimant retains the residual functional capacity to perform her past relevant work; (5) if not, whether there is other work that the impaired claimant can do, taking into account her capacity, age, available jobs, and work experience.

1999) (setting forth burdens of proof based on 20 C.F.R. § 404.1520(f)). The ALJ found that "considering the claimant's age, educational background, work experience, and residual functional capacity, she is capable of making a successful adjustment to work that exists in significant numbers in the national economy" and was therefore not disabled. *See* Record at 24. The ALJ explained that Belotserkovskaya's mood disorder did not prevent her from "performing a significant range of medium work." *Id.* at 23. As support for this finding, the ALJ cited the testimony of Dr. Rothkopf, the medical expert at the 2001 hearing, and the report of Dr. Richard B. Saul, who performed a psychiatric evaluation of Belotserkovskaya. The ALJ found that medical evaluations showed that plaintiff's depression caused only minor problems with memory and concentration, so that she could work as long as she did not have to understand, remember, or carry out detailed instructions. *See id.* at 21–22. The ALJ did not consider limitations from plaintiff's other ailments because he determined that they were not "severe," as that term is defined in the regulations. The ALJ noted that the plaintiff's lower back pain complaints were not supported by medical evidence, her blood pressure and glucose levels were under control through medication, and tests showed normal heart rhythms. *See id.* at 18–19. Based on his assessment and the testimony of the vocational expert, the ALJ found that Belotserkovskaya could perform such available work as an office cleaner, duplicating machine operator, silk screen printer, or bench packager/assembler. *See id.* at 23.

■ A final decision of the Commissioner of Social Security will be upheld if it is supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." *Ventura*

*v. Shalala,* 55 F.3d 900, 901 (3d Cir.1995) (citation omitted). In finding that Belotserkovskaya was capable of performing "medium" work, the ALJ did not give sufficient weight to the reports of Belotserkovskaya's treating physician, Galina Uklonsky, M.D. The Third Circuit has held that "[t]reating physicians' reports should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir.1999) (citation and punctuation omitted). Performing "medium" work by definition requires occasionally lifting 50 pounds and frequently lifting 25 pounds.[2] Dr. Uklonsky opined that Belotserkovskaya could not lift or carry more than ten pounds, stand more than two hours or sit more than three hours during an eight-hour workday. *See* Record at 256–57. The ALJ also did not discuss the report of the Commissioner's consultative physician, Zoya Berenson, M.D., who examined Belotserkovskaya and diagnosed her with lumbar spine spondyloarthritis, general osteoarthritis, hypertensive cardiovascular disease, type II diabetes, and major depression with memory impairment. *See id.* at 209. Dr. Berenson concluded that plaintiff's impairments limited her to occasional lifting and carrying of two to three pounds; standing for an hour or less, and sitting for only two hours, in an eight-hour day; and never bending, kneeling, stooping, or climbing. *See id.* at 211–12.

■ The court finds that the ALJ did not meet his burden of showing by substantial evidence that Belotserkovskaya could perform other work available in the relevant employment market, given her physical impairments, age, work experience, and language capabilities. In his decision, the ALJ did not mention the

**2.** *See* 20 C.F.R. § 416.967(c).

assessments of Dr. Berenson or Dr. Uk-lonsky. The Third Circuit has held that the ALJ "must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 119 (3d Cir.2000). *See also Schaudeck v. Commissioner of Social Security*, 181 F.3d 429, 433 (3d Cir.1999) ("[T]he ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding."). Without an assessment of the two medical opinions, the ALJ's opinion is both difficult for the court to review for legal error and in contravention of the prevailing law of this Circuit. Upon review of the two medical opinions and the testimony reproduced in the record, this court finds that the ALJ's decision, is not supportable by reasonable evidence. The court declines to delay the plaintiff's award of benefits by remanding the case to the Commissioner for a rehearing. *See* 42 U.S.C. § 405(g).

### ORDER

**AND NOW**, this 26th day of October, 2004, upon consideration of the parties' cross motions for summary judgment, it is hereby **ORDERED** that plaintiff's motion is **GRANTED** and defendant's motion is **DENIED**. The case is **REMANDED** to the Commissioner for a calculation of award and benefits.