NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2508
_____

ELIZABETH VALENTI,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY


On Appeal From the United States District Court
for the District of New Jersey
(1-08- cv-00912)
District Judge:  Honorable Peter G. Sheridan

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2010

Before: AMBRO and CHAGARES, <u>Circuit Judges</u>, and JONES, <u>District Judge</u>.[*]

(Filed : April 2, 2010)


_____

OPINION OF THE COURT
_____


_____

 [*] Honorable John E. Jones III, Judge of the United States District Court for the
Middle District of Pennsylvania, sitting by designation.

CHAGARES, Circuit Judge.

Elizabeth Valenti appeals from a District Court order affirming the denial of Disability Insurance Benefits under the Social Security Act by the Commissioner of Social Security (the "Commissioner"). We will affirm.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts. On December 4, 2002, Valenti filed an application for Disability Insurance Benefits under the Social Security Act, alleging disability beginning August 9, 2002 due to hypertension, a thyroid disorder, exhaustion, and a psychiatric impairment. The Commissioner denied her claims, both initially and upon reconsideration. Valenti requested a hearing before an administrative law judge ("ALJ"), which was held on June 25, 2004. In a decision issued August 18, 2004, the ALJ found that Valenti could perform the full range of "medium" work, and thus her past relevant work as a secretary/receptionist. On June 17, 2005, the District Court (Hayden, J.), held that the ALJ's decision was not supported by substantial evidence and remanded the case for further administrative proceedings. The ALJ held another hearing on October 5, 2006, limited to the issues raised by Judge Hayden's opinion.

In a decision issued October 17, 2006, the ALJ found that Valenti retained the residual functional capacity to perform medium work involving simple, repetitive tasks. Based on this assessment, the ALJ concluded that Valenti could perform her past relevant

2

work as a packer of baked goods in a supermarket, as well as other jobs that existed in significant numbers in the national economy.   On March 31, 2009, the District Court (Sheridan, J.) affirmed this decision and dismissed Valenti's case.  Valenti timely appealed.

## II.

The District Court had subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction to review the District Court's decision under 28 U.S.C. § 1291.  Our review is limited to determining whether substantial evidence supports the ALJ's finding that Valenti was not disabled.  42 U.S.C. §§ 405(g), 1383(c); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).  "'Substantial evidence' has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Smith v. Califano, 637 F.2d 968, 970 (3d Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

## III.

The Social Security Act authorizes the Commissioner to pay social security benefits to disabled persons.  42 U.S.C. §§ 423(d), 1382.  Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An individual is not disabled unless her "physical or

3

mental impairment or impairments are of such severity that [s]he is not only unable to do his previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner applies a five-step test to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first two steps require the claimant to demonstrate that she is not currently engaging in substantial gainful activity, and that she is suffering from a severe impairment. Id. If the claimant progresses to step three, then the question becomes "'whether the impairment is equivalent to one of a number of Listed Impairments [articulated in 20 C.F.R. Pt. 404, Subpt. P, App. 1] that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.'" Knepp v. Apfel, 204 F.3d 78, 84 (3d Cir.2000) (quoting Bowen v. Yuckert, 482 U.S. 137, 141 (1987)); see also 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's specific impairment is not a Listed Impairment, the ALJ must consider whether the claimant's impairment or combination of impairments is "medically equivalent" to a Listed Impairment. See 20 C.F.R. § 404.1526(a). An impairment or combination of impairments is "medically equivalent" to a Listed Impairment if it is "at least equal in severity and duration to the criteria of any [L]isted [I]mpairment." Id. In other words, the claimant's impairment " 'must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.' "

4

Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir.1992) (quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990)). A claimant who satisfies step three "is conclusively presumed to be disabled." Knepp, 204 F.3d at 84 (citation and quotation marks omitted). A claimant who fails at step three must continue to steps four and five.

At step four, the question is "whether the claimant retains the residual functional capacity to perform her past relevant work." Plummer, 186 F.3d at 428. It is the claimant's burden to establish an inability to return to her past relevant work. See id. If the claimant satisfies this burden, then the burden of production shifts to the Commissioner to show, at step five, that "there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity." Plummer, 186 F.3d at 428. This step requires the ALJ to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the cumulative effect of all of the claimant's impairments renders her capable of working. See 20 C.F.R. § 404.1520(g).

Valenti raises two issues on appeal. First, she argues that she was denied a full and fair hearing before an impartial ALJ. Second, Valenti contends that the ALJ erred at steps four and five by relying on a hypothetical posed to the vocational expert that failed to account adequately for Valenti's functional limitations. We agree with the District Court that neither of these arguments is persuasive.

A.

Valenti first argues that her Due Process rights were violated because the ALJ exhibited bias against Valenti and her attorneys. A Social Security claimant has the right to a fair hearing before an impartial ALJ. Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995). In Ventura, we ordered a new hearing before a different ALJ because the original ALJ had engaged in coercive, intimidating, and irrelevant questioning of the claimant and had improperly interfered with the claimant's attempt to introduce evidence establishing disability. Id. at 903-04. Valenti has not identified any such misconduct in this case. Counsel for Valenti has submitted examples from other cases in which courts held that this ALJ erred in his analysis of the evidence presented in those cases, but those cases are not presently before this court. Valenti has not identified any evidence from the record in this case indicating any bias or misconduct on the part of the ALJ.

B.

Valenti's second argument is that the ALJ's questioning of the vocational expert failed to account for her functional limitations. Specifically, she argues that the ALJ failed to incorporate physical limitations mentioned by Dr. Lewis Saperstein and potential psychological restrictions noted by a therapist and psychiatrist at Trinitas Hospital. An ALJ is not required, however, "to submit to the vocational expert every impairment *alleged* by a claimaint." Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (emphasis in original). Rather, "the hypotheticals posed must accurately portray the

6

claimant's impairments and . . . the expert must be given an opportunity to evaluate those impairments as contained in the record." Id. (quotation marks omitted). In other words, "the ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations*." Id. (emphasis in original) (citation omitted).

In this case, the ALJ posed a hypothetical that accurately reflected Valenti's limitations that he had determined had been established by the medical evidence. The ALJ considered Dr. Saperstein's assessment and determined that it was inconsistent with Dr. Saperstein's own examination as well as the rest of the medical evidence in the record. See Appendix ("App.") 26. The ALJ also considered the Global Assessment of Functioning ratings from Trinitas Hospital and determined that they were inconsistent with the rest of the record evidence and the assessment of a consultative psychologist. Id. These determinations are supported by substantial evidence, and the ALJ therefore did not err in omitting these alleged limitations in the hypotheticals posed to the vocational expert. The ALJ's determination that Valenti was capable of performing her past relevant work, and was therefore not disabled for purposes of receiving Disability Insurance Benefits under the Social Security Act during the relevant time period, is supported by substantial evidence.[1]

---

[1]Valenti also challenges the ALJ's reference to the medical-vocational guidelines to support the conclusion that she was capable of performing other jobs that existed in significant numbers in the national economy. Because the ALJ determined at step four that Valenti was capable of performing her past relevant work, he did not need to reach step five in the sequential analysis, and Valenti's argument is not relevant.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.