NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-2437

———————

EDWARD J. HOPKINS,

Appellant

v.

COMMISSIONER SOCIAL SECURITY

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-17-cv-13430)
District Judge: Honorable John M. Vazquez

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 10, 2020

Before: McKEE, AMBRO, and PHIPPS, Circuit Judges

(Opinion filed : May 26, 2020)

———————

OPINION*

———————

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, <u>Circuit Judge</u>

Edward Hopkins appeals from the District Court's decision to affirm the Social Security Commissioner's determination that he is not disabled as defined in §§ 216(i) and 223(d) of the Social Security Act. He claims that Administrative Law Judge (ALJ) Sharon Allard failed to give certain evidence in the record proper weight or explanation. He also argues that the ALJ erred in determining that there is work in the national economy suitable for him. We review the ALJ's decision under the deferential substantial-evidence standard. *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000); *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).

I.      Factual and Procedural History

Hopkins filed for Social Security disability in September 2014, alleging that his post-traumatic stress disorder, anxiety, depression, headaches, asthma, and gastrointestinal disorder left him disabled and unable to work. His claim spans from December 2013, when he says his symptoms first prevented him from working, through December 31, 2016. Hopkins' symptoms began after he witnessed the events of September 11, 2001, while working as a bank analyst for Deutsche Bank in New York City. In 2004 his office moved back to Ground Zero after a period in New Jersey, and his asthma symptoms increased. He maintained his job at Deutsche Bank until 2008. In 2010 he began work as a cashier, and later as a customer service representative at two sporting goods stores, working up to 34 hours per week. He held these jobs until 2013.

It was during this time that Hopkins' symptoms worsened. In 2012 he stopped taking medication for his depression and PTSD, claiming that it "made him numb and

2

devoid of feelings." A.R. 495. He also stopped going to individual and group therapy. By 2014 he reported feeling socially isolated and experienced fleeting suicidal ideation. He was hospitalized in January 2013 and April 2014 for acute asthma. He currently takes Rizatriptan and uses an inhaler to control his headaches and asthma. He returned to individual therapy with Patricia McLaughlin, MA, LMFT in April 2014.

The ALJ held a hearing on Hopkins' disability application in October 2016. The following February she denied him benefits in an opinion that discussed the medical evidence in detail and determined that he could undertake a full range of light work. The ALJ considered medical testimony and records from his treating sources, including two reports from Dr. Henry McCabe, Hopkins' internist; two narrative statements by Patricia McLaughlin, a licensed marriage and family therapist; treatment records from pulmonologist Dr. Douglass Green; and medical notes from consultative examinations by Dr. Manik Singh and Dr. Ernesto L. Perdomo. Hopkins appealed to the District Court, and it affirmed the ALJ's ruling. His appeal to us followed.

II.     Analysis

The District Court had subject-matter jurisdiction to review the Commissioner's final decision denying Hopkins' application for disability benefits under 42 U.S.C. § 405(g), and we exercise appellate review under 28 U.S.C. § 1291.

Our review is not unlimited. We defer to the ALJ's "findings of fact if they are supported by substantial evidence in the record." *Morales*, 225 F.3d at 316. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (citation omitted).

3

The ALJ wrote a thorough decision that considered all evidence and explained why she gave certain conflicting evidence less weight.  Hopkins argues, however, that the ALJ implicitly rejected the consultative psychological evaluation by Dr. Perdomo because she did not explicitly state the weight given to it.  We require that an ALJ gives "some indication of the evidence which was rejected," so that we can tell "if significant probative evidence was not credited or simply ignored."  *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).  While it is best practice for an ALJ to state that she agrees with certain findings, it is clear from the ALJ's decision here that she considered and incorporated that evidence into her analysis.  She explicitly considered Dr. Perdomo's evaluation when she explained that "although the claimant displayed symptoms of his mental impairments, . . . he was capable of understanding and following instructions of moderate complexity[]" and "[wa]s able to perform basic daily living activities."  A.R. 24, 25.  In sum, we do not face a situation where we cannot tell whether probative evidence was not credited or was ignored.

Hopkins contends that the ALJ's discussion of Dr. Perdomo's evidence was insufficient because she focused on the "normal findings" rather than "the significant abnormalities documented in the same opinion."  Hopkins Br. 24.  We disagree.  The ALJ accounted for Dr. Perdomo's description of Hopkins' symptoms in her determination that Hopkins "suffer[ed] some limitation due to his impairments, and[,] as a result, his capacity to perform work is affected."  A.R. 25.  Nevertheless, she determined that Hopkins "retains the residual functional capacity to perform the

4

exertional demands of light work." *Id.* As the evidence from Dr. Perdomo and others supports this factual finding, we will leave the ALJ's decision undisturbed.

Next, Hopkins asserts that the ALJ improperly evaluated the opinions of his treating sources, Dr. McLaughlin and Dr. McCabe. He argues that although McLaughlin—as a licensed marriage and family therapist—is not considered an "acceptable medical source" under the Commission's regulations, her testimony may be considered "to show the severity of [Hopkins'] impairment(s) and how [they] affect[] [his] ability to work."[1] We agree that the ALJ had to consider McLaughlin's testimony. But, "[w]hile the opinion of a treating therapist constitutes relevant evidence that is entitled to consideration, the amount of weight afforded to the opinion depends on the extent to which it is consistent with the other evidence of record." *Horner v. Comm'r of Soc. Sec.*, No. Civ.A.10–326, 2012 WL 895932, at *1 n.1 (W.D. Pa. Mar. 15, 2012).[2] Here, after noting that McLaughlin's opinion was not a medical source, the ALJ stated that she would not give it weight because McLaughlin's description of Hopkins' significant limitations was "not supported by [his] daily living activities." A.R. 25. While we might not have given the same weight to the evidence provided by Hopkins, it

---

[1] 45 Fed. Reg. 55584 (Aug. 20, 1980), codified as amended at 20 C.F.R. § 404.1513(d) (repealed by 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (leaving the provision effective for all claims filed before March 27, 2017)).

[2] Hopkins also claims that the ALJ erred when she noted that McLaughlin "is not considered a medical source that is required to be given weight under the regulations." Hopkins Reply Br. 5 (citing A.R. 25). He argues that, although McLaughlin's opinion cannot be afforded controlling weight, it merits some weight. *Id.* As our discussion above shows, the weight given medical sources such as McLaughlin depends on whether they are supported by the record. *See* Social Security Ruling 06-03p, 71 Fed. Reg. 45593, 45594 (Aug. 9, 2006). We conclude that the ALJ undertook the correct analysis even if she might have used clearer language.

5

is within the ALJ's statutory authority to decide whom to credit as long as those choices are explained and supported by substantial evidence. *See Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993).

We reach a similar conclusion about the ALJ's consideration of Dr. McCabe's evaluations. Hopkins asserts that the ALJ applied "an erroneous legal standard in rejecting the treating pulmonologist's opinion."[3] Hopkins Br. 40. We again disagree. Hopkins points to a Social Security Ruling stating that finding "a treating source medical opinion is . . . inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." Hopkins Br. 40–41 (citing Social Security Ruling 96-2p, 1996 WL 374188, at *4 (S.S.A. July 2, 1996)).[4] The ALJ did not reject Dr. McCabe's testimony, but instead afforded it partial weight because "his findings [were] not wholly supported by the record and were inconsistent."[5] A.R. 24. In particular, based on medical reports by Dr. Singh

---

[3] Although Hopkins refers to Dr. McCabe as a pulmonologist, the record shows that he is an internist, and thus should be treated as a generalist rather than a specialist under the regulations.

[4] The Acting Commissioner of Social Security rescinded this Social Security Ruling for all claims filed on or after March 28, 2017. Social Security Ruling 17-2p, 82 Fed. Reg. 15263 (Mar. 27, 2017). As Hopkins filed his claim on September 30, 2014, Ruling 96-2p applies to his application.

[5] Hopkins correctly asserts that, as an acceptable medical source, Dr. McCabe's testimony need not be supported by the record, but instead only must not be inconsistent with it. The ALJ's opinion makes clear that she thought Dr. McCabe's findings were internally inconsistent as well as in conflict with other evidence in the record. *See, e.g.*, A.R. 24–25 (questioning the reliability of Dr. McCabe's multiple diagnoses given that his most recent examination came back normal and the other evidence in the record shows that Hopkins' asthma medication controls those symptoms and is unlikely to lead to the

and Dr. Green, she found that Hopkins' pulmonary function was normal and his medication largely controlled his symptoms. *See Morales*, 225 F.3d at 317 (noting an ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence . . . .") (citation omitted). She also explained that Dr. McCabe's treatment records were sparse and the results from his most recent examination of the claimant were normal. Thus the ALJ considered the factors as required by 20 C.F.R. § 404.1527(c) when reviewing Dr. McCabe's evidence and found that at least two of those factors—support of the medical opinion by relevant evidence and consistency of the opinion with the record as a whole—required that she discount his evaluations.

Third, Hopkins claims that the ALJ did not adequately evaluate the subjective symptoms and limitations he described in his testimony. The ALJ explained that she would only consider his statements insofar as "they can reasonably be accepted as consistent with the objective medical and other evidence." A.R. 22. The Social Security Commissioner requires an ALJ to "consider whether an individual's statements about the intensity, persistence, and limiting effects of his or her symptoms are consistent with the medical signs and laboratory findings of record. . . ." Social Security Ruling 16-3p, 82 Fed. Reg. 49462, 49464 (Oct. 25, 2017). "[W]hen the results of tests are not consistent with other evidence in the record, they may be less supportive of an individual's statements about pain or other symptoms than test results and statements that are

---

number of absences predicted by McCabe). Thus we will not disturb the decision to afford Dr. McCabe's evaluation less weight.

7

consistent with other evidence in the record." *Id.* Thus the ALJ permissibly limited her consideration of Hopkins' subjective testimony.

Finally, the Commissioner adequately demonstrated that there is work in the national economy suitable for Hopkins. He argues that the ALJ erred by not crediting Dr. McCabe's testimony that he would be out of work four days a month, instead finding that he could maintain regular employment. The ALJ cited evidence in the record to support her conclusion. For example, Hopkins has not been hospitalized in years, and other pulmonologists who examined him reported that his asthma attacks lasted a few hours and could be controlled by his inhaler. Because the ALJ's determination is supported, we do not interfere with her decisions about how to weigh contradicting evidence.

\* \* \* \* \*

The District Court did not err in determining that the ALJ's decision was supported by substantial evidence. Thus we affirm.